**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

IN RE C. R. BARD, INC. PELVIC REPAIR       MDL No. 2187
SYSTEM PRODUCTS LIABILITY
LITIGATION

## C. R. BARD, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' MASTER LONG FORM COMPLAINT AND JURY DEMAND

Defendant C. R. Bard, Inc. (hereinafter "Bard"), by and through undersigned counsel, hereby files its Master Answer and Affirmative Defenses ("Master Responsive Pleading") to Plaintiffs' Master Long Form Complaint and Jury Demand ("Master Complaint"). By operation of the Order of this Court, all responses and defenses pled herein are deemed pled in any previously filed Answer and in any Entry of Appearance hereafter filed. Bard expressly reserves any and all defenses now available or that may become available in the future. In further response to the numbered allegations contained in the Master Complaint, Bard states as follows:

PARTIES, JURISDICTION & VENUE

PLAINTIFFS

1.

After reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Master Complaint, and therefore denies same.

DEFENDANTS

2.

In response to the allegations contained in Paragraph 2 of the Master Complaint, Bard admits that the entities named therein have been identified as Defendants in the Short Form Complaint; however, to the extent the allegations purport to cast liability either directly or indirectly upon Bard, they are denied.

3.

In response to Paragraph 3 of the Master Complaint, Bard admits that it is a New Jersey corporation with its principal place of business in New Jersey.  The remaining allegations of Paragraph 3 are denied.

4.

The allegations in Paragraph 4 of the Master Complaint are directed to a party or entity other than Bard, and accordingly, no response is required.  However, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied.

5.

The allegations in Paragraph 5 of the Master Complaint are directed to a party or entity other than Bard, and accordingly, no response is required. However, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied.

JURISDICTION AND VENUE

6.

In response to the allegations contained in Paragraph 6 of the Master Complaint, Bard admits that Plaintiffs are seeking damages in excess of $75,000 and that subject matter jurisdiction is proper, although Bard denies that Plaintiffs are entitled to any recovery.

7.

In response to the allegations contained in Paragraph 7 of the Master Complaint, Bard admits that it is subject to the personal jurisdiction of the court; however, to the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied. Bard further responds that it is without knowledge or information sufficient to form a belief as to the truth of those allegations as they relate to other Defendants.

8.

Bard is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Master Complaint, and therefore denies same.

THE PELVIC MESH PRODUCTS

9.

In response to the allegations contained in Paragraph 9 of the Master Complaint, Bard admits that the products listed therein are various pelvic mesh products; however, to the extent the allegations purport to cast liability either directly or indirectly upon Bard, they are denied.

10.

In response to the allegations contained in Paragraph 10 of the Master Complaint, Bard admits that it generally designs, manufactures, and sells certain medical devices, including surgical mesh support products under the name Align® and Align® TO Urethral Support Systems.  However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Align® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

11.

The allegations in Paragraph 11 of the Master Complaint directed to Sofradim are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied.   Bard admits that it marketed, sold, and distributed Avaulta® Anterior and Posterior BioSynthetic Support Systems.  However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Avaulta® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

12.

In response to the allegations contained in Paragraph 12 of the Master Complaint, Bard admits that it generally designs, manufactures, and sells certain medical devices, including surgical mesh support products under the name Avaulta Plus® Anterior and Posterior BioSynthetic Support Systems.  However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Avaulta

4

Plus® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

13.

In response to the allegations contained in Paragraph 13 of the Master Complaint, Bard admits that it generally designs, manufactures, and sells certain medical devices, including surgical mesh support products under the name Avaulta Solo® Anterior and Posterior BioSynthetic Support Systems.  However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Avaulta Solo® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

14.

The allegations in Paragraph 14 of the Master Complaint directed to TSL are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied. Bard admits that it marketed, sold, and distributed InnerLace® BioUrethral Support Systems. However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any InnerLace® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

15.

The allegations in Paragraph 15 of the Master Complaint directed to TSL are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied. Bard admits that it marketed, sold, and distributed the Pelvicol® Aceullar Collagen Matrix.

5

However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Pelvicol® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

16.

The allegations in Paragraph 16 of the Master Complaint directed to TSL are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied. Bard admits that it marketed, sold, and distributed the PelviLace® and PelviLace® TO Transobturator BioUrethral Support Systems.  However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any PelviLace® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

17.

The allegations in Paragraph 17 of the Master Complaint directed to TSL are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied. Bard admits that it marketed, sold, and distributed the PelviSoft® Acellular Collagen BioMesh. However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any PelviSoft® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

18.

The allegations in Paragraph 18 of the Master Complaint directed to Sofradim are directed to a party or entity other than Bard, and accordingly, no response is required; however,

to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied.   Bard admits that it marketed, sold, and distributed the Pelvitex® Polypropylene Mesh.   However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Pelvitex® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

19.

The allegations in Paragraph 19 of the Master Complaint directed to Sofradim are directed to a party or entity other than Bard, and accordingly, no response is required; however, to the extent they purport to cast liability either directly or indirectly upon Bard, those allegations are denied.   Bard admits that it marketed, sold, and distributed the Uretex® SUP Pubourethral Sling and Uretex® TO, TO2 and TO3 Trans-obturator Urethral Support Systems.   However, after a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of whether any Uretex® product was implanted in any Plaintiff so indicating in a Short Form Complaint, and therefore denies same.

FACTUAL BACKGROUND

20.

Bard denies the allegations contained in Paragraph 20 of the Master Complaint.

21.

Bard denies the allegations contained in Paragraph 21 of the Master Complaint.

22.

In response to the allegations contained in Paragraph 22 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

7

23.

In response to the allegations contained in Paragraph 23 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

24.

In response to the allegations contained in Paragraph 24 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

25.

In response to the allegations contained in Paragraph 25 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

26.

Bard denies the allegations contained in Paragraph 26 of the Master Complaint.

27.

In response to the allegations contained in Paragraph 27 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

28.

In response to the allegations contained in Paragraph 28 of the Master Complaint, Bard responds that the publication speaks for itself.  To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

29.

In response to the allegations contained in Paragraph 29 of the Master Complaint, Bard responds that the publication speaks for itself. To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

30.

In response to the allegations contained in Paragraph 30 of the Master Complaint, Bard responds that the publication speaks for itself. To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

31.

In response to the allegations contained in Paragraph 31 of the Master Complaint, Bard responds that the publication speaks for itself. To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

32.

In response to the allegations contained in Paragraph 32 of the Master Complaint, Bard responds that the publication speaks for itself. To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

33.

In response to the allegations contained in Paragraph 33 of the Master Complaint, Bard responds that the publication speaks for itself. To the extent that those allegations purport to cast liability upon Bard, either directly or indirectly, those allegations are denied.

34.

Bard denies the allegations contained in Paragraph 34 of the Master Complaint.

35.

Bard denies the allegations contained in Paragraph 35 of the Master Complaint.

36.

Bard denies the allegations contained in Paragraph 36 of the Master Complaint.

37.

Bard denies the allegations contained in Paragraph 37 of the Master Complaint.

38.

Bard denies the allegations contained in Paragraph 38 of the Master Complaint.

39.

Bard denies the allegations contained in Paragraph 39 of the Master Complaint.

40.

Bard denies the allegations contained in Paragraph 40 of the Master Complaint.

41.

Bard denies the allegations contained in Paragraph 41 of the Master Complaint.

42.

Bard denies the allegations contained in Paragraph 42 of the Master Complaint.

43.

Bard denies the allegations contained in Paragraph 43 of the Master Complaint.

44.

Bard denies the allegations contained in Paragraph 44 of the Master Complaint, including all subparts thereto.

45.

Bard denies the allegations contained in Paragraph 45 of the Master Complaint, including all subparts thereto.

46.

Bard denies the allegations contained in Paragraph 46 of the Master Complaint.

47.

Bard denies the allegations contained in Paragraph 47 of the Master Complaint.

48.

Bard denies the allegations contained in Paragraph 48 of the Master Complaint.

49.

Bard denies the allegations contained in Paragraph 49 of the Master Complaint.

50.

Bard denies the allegations contained in Paragraph 50 of the Master Complaint.

51.

Bard denies the allegations contained in Paragraph 51 of the Master Complaint.

52.

After a reasonable investigation, Bard lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Master Complaint, and therefore denies same.

53.

Bard denies the allegations contained in Paragraph 53 of the Master Complaint.

54.

Bard denies the allegations contained in Paragraph 54 of the Master Complaint.

55.

Bard denies the allegations contained in Paragraph 55 of the Master Complaint.

56.

Bard denies the allegations contained in Paragraph 56 of the Master Complaint.

57.

Bard denies the allegations contained in Paragraph 57 of the Master Complaint.

58.

Bard denies the allegations contained in Paragraph 58 of the Master Complaint.

59.

Bard denies the allegations contained in Paragraph 59 of the Master Complaint.

60.

Bard denies the allegations contained in Paragraph 60 of the Master Complaint.

61.

Bard denies the allegations contained in Paragraph 61 of the Master Complaint.

<u>CAUSES OF ACTION</u>

<u>COUNT I:  NEGLIGENCE</u>

62.

Bard hereby incorporates by reference its responses to Paragraphs 1-61 of the Master Complaint as if fully set forth herein.

63.

The allegations contained in Paragraph 63 of the Master Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, those allegations are denied.

64.

Bard denies the allegations contained in Paragraph 64 of the Master Complaint, including all subparts thereto.

65.

Bard denies the allegations contained in Paragraph 65 of the Master Complaint, including all subparts thereto.

66.

Bard denies the allegations contained in Paragraph 66 of the Master Complaint, including all subparts thereto.

67.

Bard denies the allegations contained in Paragraph 67 of the Master Complaint.

## COUNT II:  STRICT LIABILITY – DESIGN DEFECT

68.

Bard hereby incorporates by reference its responses to Paragraphs 1-67 of the Master Complaint as if fully set forth herein.

69.

Bard denies the allegations contained in Paragraph 69 of the Master Complaint, including all subparts thereto.

70.

Bard denies the allegations contained in Paragraph 70 of the Master Complaint.

71.

Bard denies the allegations contained in Paragraph 71 of the Master Complaint.

## COUNT III:  STRICT LIABILITY – MANUFACTURING DEFECT

72.

Bard hereby incorporates by reference its responses to Paragraphs 1-71 of the Master Complaint as if fully set forth herein.

73.

Bard denies the allegations contained in Paragraph 73 of the Master Complaint.

74.

Bard denies the allegations contained in Paragraph 74 of the Master Complaint.

75.

Bard denies the allegations contained in Paragraph 75 of the Master Complaint.


## COUNT IV:  STRICT LIABILITY – FAILURE TO WARN

76.

Bard hereby incorporates by reference its responses to Paragraphs 1-75 of the Master Complaint as if fully set forth herein.

77.

Bard denies the allegations contained in Paragraph 77 of the Master Complaint, including all subparts thereto.

78.

Bard denies the allegations contained in Paragraph 78 of the Master Complaint.

79.

Bard denies the allegations contained in Paragraph 79 of the Master Complaint.

## COUNT V:  BREACH OF EXPRESS WARRANTY

80.

Bard hereby incorporates by reference its responses to Paragraphs 1-79 of the Master Complaint as if fully set forth herein.

81.

Bard denies the allegations contained in Paragraph 81 of the Master Complaint.

82.

Bard denies the allegations contained in Paragraph 82 of the Master Complaint.

83.

Bard denies the allegations contained in Paragraph 83 of the Master Complaint.

84.

Bard denies the allegations contained in Paragraph 84 of the Master Complaint.

85.

Bard denies the allegations contained in Paragraph 85 of the Master Complaint.

86.

Bard denies the allegations contained in Paragraph 86 of the Master Complaint.

## COUNT VI:  BREACH OF IMPLIED WARRANTY

87.

Bard hereby incorporates by reference its responses to Paragraphs 1-86 of the Master Complaint as if fully set forth herein.

88.

Bard denies the allegations contained in Paragraph 88 of the Master Complaint.

89.

Bard denies the allegations contained in Paragraph 89 of the Master Complaint.

90.

Bard denies the allegations contained in Paragraph 90 of the Master Complaint.

91.

Bard denies the allegations contained in Paragraph 91 of the Master Complaint.

92.

Bard denies the allegations contained in Paragraph 92 of the Master Complaint.

93.

Bard denies the allegations contained in Paragraph 93 of the Master Complaint.

COUNT VII:  LOSS OF CONSORTIUM

94.

Bard hereby incorporates by reference its responses to Paragraphs 1-93 of the Master Complaint as if fully set forth herein.

95.

Bard denies the allegations contained in Paragraph 95 of the Master Complaint.

COUNT VIII:  PUNITIVE DAMAGES

96.

Bard hereby incorporates by reference its responses to Paragraphs 1-95 of the Master Complaint as if fully set forth herein.

97.

Bard denies the allegations contained in Paragraph 97 of the Master Complaint.

98.

Bard denies the allegations contained in Paragraph 98 of the Master Complaint.

99.

Bard denies the allegations contained in Paragraph 99 of the Master Complaint.

100.

Bard denies the allegations contained in Paragraph 100 of the Master Complaint.

101.

Bard denies the allegations contained in Paragraph 101 of the Master Complaint.

102.

Bard denies the allegations contained in Paragraph 102 of the Master Complaint.

103.

Bard denies the allegations contained in Paragraph 103 of the Master Complaint.

104.

Bard denies the allegations contained in Paragraph 104 of the Master Complaint.

105.

Bard denies the allegations contained in Paragraph 105 of the Master Complaint.

106.

Bard denies the allegations contained in Paragraph 106 of the Master Complaint.

107.

Bard denies the allegations contained in Paragraph 107 of the Master Complaint.

Furthermore, responding to the unnumbered Paragraph following Paragraph 107 of the Master Complaint beginning "WHEREFORE," Bard denies the allegations contained in such Paragraph. Bard further denies each and every allegation not specifically admitted herein. Bard denies that Plaintiffs are entitled to any relief requested in the Complaint.

## BARD'S AFFIRMATIVE DEFENSES

Bard alleges and asserts the following defenses in response to the allegations in the Master Complaint.

## FIRST DEFENSE

The Master Complaint fails to state a claim or claims upon which relief can be granted.

## SECOND DEFENSE

The Master Complaint fails to state claim or claims upon which relief can be granted due to lack of adequate product identification.

## THIRD DEFENSE

The Plaintiffs may be barred from bringing some of the claims alleged in the Master Complaint because the Plaintiffs may lack standing and/or capacity to bring such claims.

## FOURTH DEFENSE

The sole proximate cause of the Plaintiffs' damages, if any were sustained, was the negligence of a person or persons or entity for whose acts or omissions Bard was and is in no way liable.

## FIFTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, any recovery by the Plaintiffs is barred to the extent they voluntarily exposed themselves to a known risk and/or failed to mitigate their alleged damages. To the extent the Plaintiffs have failed to mitigate their alleged damages,

any recovery shall not include alleged damages that could have been avoided by reasonable care and diligence.

## SIXTH DEFENSE

The Plaintiffs failed to exercise ordinary care for their own safety such that the Plaintiffs are not entitled to recover.

## SEVENTH DEFENSE

The injuries and damages allegedly sustained by the Plaintiffs may be due to the operation of nature or idiosyncratic reaction(s) and/or pre-existing condition(s) in the Plaintiffs over which Bard had no control.

## EIGHTH DEFENSE

The Plaintiffs' causes of action may be barred by the applicable statute of limitations and/or statute of repose.

## NINTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel and/or regulatory compliance.

## TENTH DEFENSE

There was no defect in the products at issue with the result that the Plaintiffs are not entitled to recover against Bard in this cause.

## ELEVENTH DEFENSE

There was no causal connection between any alleged defect in the products at issue and Plaintiffs' alleged damages with the result that Plaintiffs are not entitled to recover against Bard in this cause.

## TWELFTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, such damages were caused by the negligence or fault of the Plaintiffs.

## THIRTEENTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, such damages were caused by the negligence or fault of persons and/or entities for whose conduct Bard is not legally responsible.

## FOURTEENTH DEFENSE

If the Plaintiffs suffered any damages or injuries, which are denied, the Plaintiffs' recovery is barred, in whole or in part, or subject to reduction under the doctrine of contributory and/or comparative negligence.

## FIFTEENTH DEFENSE

In the further alternative, and only in the event that it is determined that the Plaintiffs are entitled to recover against Bard, recovery should be reduced in proportion to the degree or percentage of negligence, fault or exposure to products attributable to the Plaintiff, any other defendants, third party defendants, or other persons, including any party immune because bankruptcy renders them immune from further litigation, as well as any party, co-defendant, or non-parties with whom the Plaintiffs have settled or may settle in the future.

## SIXTEENTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, the negligence or fault of the Plaintiff constitutes the sole, intervening, and superseding cause of the Plaintiffs' alleged damages.

## SEVENTEENTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, the negligence or fault of persons and/or entities for whose conduct Bard is not legally responsible constitutes the sole, intervening, and superseding cause of the Plaintiffs' alleged damages.

## EIGHTEENTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, the actions of persons or entities for whose conduct Bard is not legally responsible and the independent knowledge of these persons or entities of the risks inherent in the use of the products and other independent causes, constitute an intervening and superseding cause of the Plaintiffs' alleged damages.

## NINETEENTH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, such damages were caused by unforeseeable, independent, intervening, and/or superseding events for which Bard is not legally responsible.

## TWENTIETH DEFENSE

If the Plaintiffs have been damaged, which Bard denies, such damages were caused by abuse, misuse, user error and/or modification of the products at issue for which Bard was and is in no way liable.

## TWENTY-FIRST DEFENSE

Bard made no warranties of any kind, express or implied, including any alleged implied warranty of merchantability or implied warranty of fitness for a particular purpose, or any representations of any nature whatsoever to the Plaintiffs.  To the extent applicable, the Plaintiffs' breach of warranty claims are barred by a lack of privity between the Plaintiffs and

Bard.  To the extent the Plaintiffs make warranty claims, whether express or implied, the claims are barred or limited by any and all express conditions or disclaimers, by the Plaintiffs' lack of reliance on any such warranties, and by waiver.

### TWENTY-SECOND DEFENSE

To the extent the Plaintiffs assert a claim for breach of implied warranty, such claim must fail because the products were not used for their ordinary purpose.

### TWENTY-THIRD DEFENSE

To the extent the Plaintiffs assert a claim for breach of warranty, such claim is barred because the Plaintiffs did not first give notice of any alleged defect of the products to Bard.

### TWENTY-FOURTH  DEFENSE

Bard neither had nor breached any alleged duty to warn with respect to the products, with the result that the Plaintiffs are not entitled to recover in this cause.

### TWENTY-FIFTH DEFENSE

The Plaintiffs' claims are barred by the learned intermediary doctrine.

### TWENTY-SIXTH DEFENSE

The conduct of Bard and the subject products at all times conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statute and regulations.  Accordingly, the Plaintiffs' claims are barred, in whole or in part, under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

## TWENTY-SEVENTH DEFENSE

The Plaintiffs' alleged damages resulted from independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of Bard.

## TWENTY-EIGHTH DEFENSE

If the Plaintiffs recover from Bard, it is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause the Plaintiffs' alleged damages.

## TWENTY-NINTH DEFENSE

The Plaintiffs' claims are or may be barred, in whole or in part, to the extent that the Plaintiff has released, settled with, entered into an accord and satisfaction, or otherwise compromised their claims.  Bard is entitled to a set-off for the entire amount of proceeds the Plaintiffs have or may recover from all other sources.

## THIRTIETH DEFENSE

Should Bard be held liable to the Plaintiffs, which liability is specifically denied, Bard would be entitled to a set-off for the total of all amounts paid to the Plaintiffs from all collateral sources.

## THIRTY-FIRST DEFENSE

Bard asserts any and all defenses, claims, credits, offsets, or remedies available to it under the Restatement (Third) of Torts and reserves the right to amend its Answer to file such further pleadings as are necessary to preserve and assert such defenses, claims, credits, offsets, or remedies.

## THIRTY-SECOND DEFENSE

The products at issue are neither defective nor unreasonably dangerous because it is a medical device falling within what is commonly known as Comments (j) and (k), Restatement (Second) of Torts § 402A, and comparable provisions of the Restatement (Third) of Torts (Products Liability), in that the products at issue were, at all times material to the Master Complaint, reasonably safe and reasonably fit for their intended use, and the warnings and instructions accompanying the products at the time of the occurrence or injuries alleged by the Plaintiffs were legally adequate.

## THIRTY-THIRD DEFENSE

The Plaintiffs' claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the products at issue conformed with the generally recognized, reasonably available, and reliable state of knowledge when the products were manufactured and marketed.

## THIRTY-FOURTH DEFENSE

The Plaintiffs' claims are barred because the methods, standards, warnings, and instructions used in manufacturing and/or marketing the products at issue conformed with industry custom/usage standards and/or legislative/administrative/regulatory standards.

## THIRTY-FIFTH DEFENSE

The design complained of in the Master Complaint, the alleged defects of the products, and/or any alternative design claimed by the Plaintiffs were not known and, in light of the existing, reasonably-available scientific and technological knowledge, could not have been known at the time the products at issue were designed, manufactured, and sold.  Any alleged alternative design was not scientifically or technologically feasible or economically practical.

### THIRTY-SIXTH DEFENSE

Bard specifically pleads all affirmative defenses under the Uniform Commercial Code ("UCC") now existing or which may arise in the future, including those defenses provided by UCC §§ 2-607 and 2-709.

### THIRTY-SEVENTH DEFENSE

No act or omission of Bard was malicious, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred.

### THIRTY-EIGHTH DEFENSE

To the extent the Plaintiffs assert a demand for punitive damages, Bard specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

### THIRTY-NINTH DEFENSE

To the extent that the Plaintiffs assert a claim for punitive damages, that claim is in contravention of the rights of Bard under the following constitutional provisions:

1.      Plaintiffs' claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and the analogous provisions of the applicable State Constitutions, on grounds including the following:

(a)     it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions, to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(c)     the procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(d)     the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(e)     the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(f)    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(g)    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution, and the analogous provisions of the applicable State Constitutions;

(h)    the award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law; and

(i)    the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## FORTIETH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the FDA-approved product labeling, the prescribing physicians, or other persons or entities.

## FORTY-FIRST DEFENSE

There should be no recovery against Bard for any failure to warn or inadequacy of warning, because at all pertinent times, Plaintiffs possessed or should have possessed good and adequate knowledge which negated any need for warning.

## FORTY-SECOND DEFENSE

If Plaintiffs were injured or damaged as alleged, no injury or damages being admitted, such injuries were not caused by a product manufactured by Bard.

## FORTY-THIRD DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because Bard at all relevant times, complied with all applicable laws and regulations.

## FORTY-FOURTH DEFENSE

The Plaintiffs' product liability claims are barred because the benefits of the products outweighed their risks.

## FORTY-FIFTH DEFENSE

Venue may be improper in any individual case where the Plaintiff does not reside in the forum wherein her Complaint was filed or cannot otherwise establish an independent basis for venue in that forum and any such claims should be dismissed on this basis.

## FORTY-SIXTH DEFENSE

Plaintiffs' case may be subject to dismissal or transfer under the doctrine of forum non conveniens.

### FORTY-SEVENTH DEFENSE

Bard is entitled to and claims the benefits of all defenses and presumptions set forth in or arising from any rule of law or statute in this State and any other state whose law is deemed to apply in this case.

### FORTY-EIGHTH DEFENSE

The Plaintiffs have failed to plead their fraud claims with the particularity required under the applicable state's statutory and/or common law.

### FORTY-NINTH DEFENSE

If it should be proven that any product distributed by Bard was involved herein as alleged, then the state of medical and scientific knowledge or published literature or other materials reflecting the state of medical and scientific knowledge at all times relevant hereto, was such that Bard neither knew nor could have known that the products presented a foreseeable risk of harm in its normal and expected use.

### FIFTIETH DEFENSE

The damages claimed by Plaintiffs are not recoverable, in whole or in part, under the various applicable states' laws.

### FIFTY-FIRST DEFENSE

Plaintiffs' claims may be barred by failure to join indispensable parties.

### FIFTY-SECOND DEFENSE

Bard intends to rely upon any additional affirmative defenses that become available during the course of investigation and/or discovery and reserves the right to amend its Answer to assert these defenses.

29

## FIFTY-THIRD DEFENSE

Bard hereby gives notice that it intends to rely upon and incorporates by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

## JURY DEMAND

Bard hereby requests a trial by jury on all issues so triable, and reserves the right to seek to have a trial before twelve jurors.

**WHEREFORE**, Bard avers that Plaintiffs are not entitled to the relief demanded in the Complaint, and Bard, having fully answered, prays that this action against it be dismissed and that it be awarded its costs in defending this action and that it be granted such other and further relief as the Court deems just and appropriate.

Dated:  March 19, 2012

/s/Richard B. North, Jr.
Richard B. North, Jr.
Georgia Bar No. 545599

Nelson Mullins Riley & Scarborough LLP
Atlantic Station
201 17th Street NW / 17th floor
Atlanta, GA 30363
PH: 404-322-6000
FX: 404-322-6050

*Attorneys for C. R. Bard, Inc.*