IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: C. R. BARD, INC. PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION
-------------------------------------------------------------------   MDL No. 2187

THIS DOCUMENT RELATES TO ALL CASES

### TISSUE SCIENCE LABORATORIES LIMITED'S
### REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Federal Rule of Civil Procedure 45(c)(3) and cases interpreting the rule provide TSL standing to move to quash a subpoena directed to a third party on discrete factors other than privilege, including a legitimate interest in preventing the disclosure of confidential, proprietary, or otherwise protected materials.[1] TSL raised such factors in its Motion and analyzed the relevant case law as it applies to the facts at issue. Plaintiffs do not distinguish the law cited in support of TSL's position and instead claim that the motion is simply "a legal nullity." Plaintiffs' position directly conflicts with Rule 45 and case law in support of TSL's position.

TSL has openly acknowledged in its Motion, Objections to Subpoena, and responses to written discovery that some of the Permacol™ documents produced in *Edwards* will be produced in the MDL. TSL has agreed to produce documents from the *Edwards* and *Stephens* qui tam matters ***that are responsive based on the criteria and parameters established***

---

[1] The rule plainly states that a court must quash or modify a subpoena that "requires disclosure of privileged ***or other protected matter***," and that a court may quash or modify a subpoena "[t]o protect a person subject to ***or affected by*** a subpoena … if it requires … disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(c)(3)(A)-(B) (emphasis added). *See also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (standing to object to a subpoena directed to a non-party requires some "***personal right or privilege***") (emphasis added); *U.S. v. Daniels*, 95 F. Supp. 2d 1160, 1164 (D. Kan. 2000) ("'A party only has standing to move to quash the subpoena issued to another when the subpoena infringes upon the movant's legitimate interests' ... [i.e. ***privilege, proprietary interest in the subpoenaed material, or some other interest in the subpoenaed material***." (quoting *U.S. v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997)) (emphasis added); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997) (a party may move to quash a subpoena directed to a third party upon a showing of privilege or "that there is a privacy interest applicable.").

*in MDL 2187*. The fact that some of the materials sought are completely unrelated to the products and claims in MDL 2187 is not -- as Plaintiffs incorrectly assert -- a separate basis for TSL's Motion, but merely provides context as to their proprietary nature and, thus, TSL's efforts to protect them from improper disclosure under Rule 45(c)(3).[2]

As to the protected nature of documents in *Edwards*, the Court in that case was unambiguous in his order that all documents be treated as confidential and not disclosed to any third party. For Plaintiffs to suggest that the transcript is meaningless absent a written agreement contradicts both the spirit and intent of that Court's verbal Order. Regardless of written agreement, the Court and parties' recognition and treatment of these documents as proprietary and confidential satisfies their categorization as such under Fed. R. Civ. P. 45(c)(3)(B)(i). Similarly, TSL cites its Distribution Agreement with IMA as evidence of the confidential and proprietary nature of the materials sought, i.e. to demonstrate its legitimate interest in seeking to prevent disclosure.

In conclusion, TSL has offered to produce documents from prior cases consistent with the discovery parameters in MDL 2187. Plaintiffs have not only refused this offer, but failed to even acknowledge TSL's proposal to limit the scope of the Subpoena to protect its interests. For these reasons, and those set forth in its Motion, TSL requests that this Court grant its Motion to Quash and for such other relief deemed appropriate.

---

[2] In fact, Plaintiffs' Response further supports TSL's argument. Plaintiffs claim that documents relating to Permacol™'s in vivo characteristics and clinical efficacy are relevant in MDL 2187. TSL agrees, which is why these are the types of documents it will produce from prior cases. Noticeably absent from Plaintiffs' Response, however, is any claim that Permacol™ marketing materials from the *Edwards* or qui tam cases are somehow related to the products liability claims in this litigation.

This 10th day of July, 2012.

By: _____

Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
Email: dmoeller@shb.com
ATTORNEYS FOR DEFENDANT TISSUE SCIENCE LABORATORIES

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

IN RE: C.R.BARD, INC. PELVIC SUPPORT
SYSTEMS PRODUCTS LIABILITY LITIGATION

MDL No. 2187

THIS DOCUMENT RELATES TO ALL CASES

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2012, I electronically filed the foregoing TISSUE SCIENCE LABORATORIES LIMITED'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Dated: July 10, 2012

_____
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474.6550
Facsimile: 816.421.5547
Email: dmoeller@shb.com
ATTORNEYS FOR DEFENDANT TISSUE SCIENCE LABORATORIES