IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: C. R. BARD, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC CORP. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2326 |
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2327 |
| IN RE: COLOPLAST CORP. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2387 |
| | Honorable Joseph R. Goodwin<br>United States District Court Judge |

THIS DOCUMENT APPLIES TO ALL CASES

### EMERGENCY MOTION FOR PROTECTIVE ORDER

Daniel J. Christensen ("Mr. Christensen") and MedStar Funding, LC ("MedStar") (collectively, "Movants"), by counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 26.4 of the Local Rules of Civil Procedure, request that this Court enter a protective order precluding any defendant in MDL Nos. 2187, 2325, 2326, 2327, or 2387 from taking Mr. Christensen's deposition or, in the alternative, that this Court enter an order staying Mr. Christensen's deposition until a conflict of interest is resolved.

On January 16, 2014, Movants discovered that Cox Smith Matthews Incorporated ("Cox Smith"), which law firm represents Movants, had elected to act adversely to Movants' interest

and in favor of another client, American Medical Systems, Inc. ("AMS"). As a result, Cox Smith, and their co-counsel, Reed Smith LLP ("Reed Smith"), through Cox Smith's representation of Movants, have knowledge of Movants' confidential and privileged information. AMS and other defendants in the above-listed MDLs now seek to proceed with taking Mr. Christensen's deposition while having access to Movants' privileged and confidential information through Cox Smith.

Movants have taken action in response to this clear violation of ethical guidelines, and filed a Motion to Disqualify Cox Smith and its co-counsel, Reed Smith, from the Texas state court transvaginal mesh litigation <u>this afternoon</u>. (*See Medstar Funding, L.C.'s Motion to Disqualify Counsel*, attached hereto as **Exhibit A**). Due to those ethical conflicts, Movants respectfully request this Court preclude AMS from taking Mr. Christensen's deposition until the ethical conflicts are resolved. Additionally, Movants request that this Court stay Mr. Christensen's deposition as to all defendants in the above-listed MDLs until the ethical conflicts are resolved, because (1) without such a stay or prohibition, Mr. Christensen may be subject to multiple depositions in contravention of Rule 26(c) of the Federal Rules of Civil Procedure, (2) Movants are in no way responsible for the concerns around this deposition and should not be punished for protecting their rights, and (3) prohibition or stay of the deposition is necessary to avoid the appearance of impropriety.

This Motion is based on the attached Memorandum of Law, the exhibits attached hereto, and any additional memoranda or replies filed in connection herewith.

## CERTIFICATE OF GOOD FAITH ATTEMPT TO CONFER

Movants certify that they made a good-faith attempt to confer regarding the impact of Cox Smith and Reed Smith's conflicts of interest on Mr. Christensen's deposition. Movants sent

a letter, dated January 22, 2014, to Ms. Barbara R. Binis of Reed Smith, informing her of the conflict and requesting that the deposition be cancelled. (*See* January 22, 2014 Letter to Barbara M. Binis, attached hereto as **Exhibit 1**). Movants also sent a letter to all counsel for the MDL defendants, explaining the conflict and requesting that the deposition be canceled. (*See* January 22, 2014 Letter to counsel for MDL defendants, attached hereto as **Exhibit 2**). To date, no parties have acknowledged the conflict or cancelled the depositions, thus forcing Movants to file the instant Motion.

**Due to the sensitive nature of this Motion, in both time and substance, Movants request that a hearing be granted on the substance of this Motion as soon as possible.**

Dated: January 24, 2014                           Respectfully Submitted,

s/ James S. Crockett, Jr.
Alexander Macia (WV State Bar No. 6077)
James S. Crockett, Jr. (WV State Bar No. 9229)
David A. Bosak (WV State Bar No. 11947)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard East
Charleston, West Virginia 25301
Phone: 304.340.3800
Fax: 304.340.3801

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE: C. R. BARD, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2187 |
| IN RE: AMERICAN MEDICAL SYSTEMS, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2325 |
| IN RE: BOSTON SCIENTIFIC CORP. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2326 |
| IN RE: ETHICON, INC. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2327 |
| IN RE: COLOPLAST CORP. PELVIC REPAIR SYSTEMS PRODUCTS LIABILITY | MDL No. 2387 |

Honorable Joseph R. Goodwin
United States District Court Judge

---

THIS DOCUMENT APPLIES TO ALL CASES

### CERTIFICATE OF SERVICE

I, James S. Crockett, Jr., do hereby certify that on January 24, 2014, I electronically filed the foregoing "**Emergency Motion for Protective Order**" with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the CM/ECF participants registered to receive service in these MDLs.

/s/ James S. Crockett, Jr.
James S. Crockett, Jr. (WV State Bar No. 9229)