IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE C.R. BARD, INC. PELVIC REPAIR             MDL No. 2187
SYSTEM PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:       ALL CASES NAMING C.R. BARD, INC.
AND TISSUE SCIENCE LABORATORIES
LIMITED AS CO-DEFENDANTS AND
ALL CASES NAMING C.R. BARD, INC.
AND SOFRADIM PRODUCTION AS CO-
DEFENDANTS

**JOINT RULE 26(F) REPORT OF DEFENDANTS/CROSS-CLAIMANTS TISSUE
SCIENCE LABORATORIES LIMITED AND SOFRADIM PRODUCTION AND
DEFENDANT/CROSS-DEFENDANT C.R. BARD, INC.**

GIBSON, DUNN & CRUTCHER LLP
Christopher D. Dusseault
Lauren A. Eber
Jared M. Strumwasser
Ilissa Samplin
333 South Grand Avenue
Los Angeles, CA 90071
Tel: 213-229-7000
Fax: 213-229-7520

KAY CASTO & CHANEY PLLC
Rebecca A. Betts
John D. Hoblitzell
0863 1500 Chase Tower
707 Virginia Street, East
Charleston, WV 25301
Tel:304-345-8900
Fax: 304-345-8909
*Attorneys for Defendants/Cross-claimants
Tissue Science Laboratories Limited and
Sofradim Production*

SIMPSON THACHER & BARTLETT LLP
Joseph M. McLaughlin
George S. Wang
Nicholas S. Davis
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Attorneys for Defendant/Cross-defendant C.R.
Bard, Inc.*

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's order of March 26, 2015, Defendant/Cross-claimant Sofradim Production ("Sofradim"), Defendant/Cross-claimant Tissue Science Laboratories Limited ("TSL"), and Defendant/Cross-defendant C.R. Bard, Inc. ("Bard") (collectively, "the parties") jointly submit this Joint Rule 26(f) Conference Report for the newly filed Cross-claims brought by Sofradim and TSL against Bard (the "Report").

## I. Summary of the Conference of the Parties and the Parties' Respective Positions

Counsel for the parties participated in a teleconference on Friday, April 3, 2015. The parties discussed, *inter alia*, the nature of their claims and defenses, the parties' respective views on Rule 26(a)(1) disclosures, a discovery plan, and the parties' plan for upcoming settlement discussions. A summary of the parties' positions and proposals on these items is set forth below.

## A.    Summary of TSL and Sofradim's Position

The parties have agreed to meet in New York City on April 21, 2015 to discuss the possibility of resolving the issues raised in the Cross-claims. TSL and Sofradim hope that meeting will result in a compromise that will put TSL, Sofradim and Bard in a better position to resolve the underlying product liability cases against the three of them in the MDL. If, however, the April 21, 2015 meeting does not achieve a settlement, TSL and Sofradim request that the declaratory relief claims be put on an expedited discovery schedule to enable presentation to this Court of a motion for summary judgment at the earliest possible opportunity. To that end, TSL and Sofradim propose that TSL, Sofradim and Bard be required to produce all documents relevant to the cross-claims that have not already been produced in the MDL by June 30, complete all non-plaintiff-specific discovery relevant to the Cross-claims by August 31, and file any summary judgment motions on the declaratory relief claims no later than September 30.

1

This expedited schedule—through which discovery on the declaratory relief claims would be completed within five months of this Scheduling Conference and summary judgment motions would be presented within six months—is appropriate to facilitate prompt resolution of the declaratory relief claims, which in turn will be helpful, and perhaps necessary, to facilitate resolution of the underlying product liability cases.

Bard points to planned motions to stay, transfer, and/or dismiss the Cross-claims as justification for a slower and more prolonged schedule—running until August 2016—but TSL and Sofradim maintain that an expedited schedule is appropriate, given the importance and limited scope of the issues being presented.  TSL and Sofradim will not respond here to  Bard's arguments regarding their desired stay, transfer, or dismissal, but they note that the same arguments were made in Bard's unsuccessful opposition to TSL and Sofradim's Motion for Leave to Amend.  Bard's arguments are not persuasive as to the timing of discovery, and they are misplaced in this Rule 26(f) report.  For the reasons discussed in TSL and Sofradim's Reply brief in support of their Motion for Leave to Amend, Bard's grounds for motions to stay, transfer, or dismiss lack merit.

TSL and Sofradim disagree with Bard's view that its own claims asking the Court to resolve an existing controversy regarding the parties' insurance, indemnification, and defense obligations are ripe for litigation but TSL and Sofradim's claims asking the Court to do the same thing cannot be resolved until after the litigation of the underlying product liability cases is completed.  While specific damages amounts may require adjudication of underlying claims, it is clear that a ripe dispute exists as to parties' respective rights and obligations under the applicable contracts, which can and should be resolved through declaratory relief before the underlying

claims are litigated.   An early resolution of these issues will greatly assist in facilitating settlement of the underlying claims.

Bard makes reference to the JPML Clerk's decision not to issue a Conditional Transfer Order designating the New Jersey indemnification action as a "tag-along" as support for its position that New Jersey is a "more appropriate" forum for deciding the issues raised in TSL and Sofradim's Cross-claims.   In declining to treat the New Jersey indemnification action as a "tag-along," however, the JPML Clerk—who alone decided whether to issue a Conditional Transfer Order under the expedited MDL "tag-along" procedure—directed TSL and Sofradim to JPML Rule 7.1(b)(i).   That rule provides that "[i]f the Clerk of the Panel determines that a potential tag-along action is not appropriate for inclusion in an MDL proceeding . . . , an involved party may move for its transfer pursuant to Rule 6.1."   TSL and Sofradim intend to accept the Clerk's invitation to formally move for transfer under JPML Rule 6.1, which motion will of course be heard by the Panel itself, for the first time, not the Clerk.   In any event, if the Panel were to unexpectedly decide not to transfer the indemnification action to the MDL, that would not mean that New Jersey is a "more appropriate" forum, only that consolidation is not necessary in the Panel's view.

## B.    Summary of Bard's Position

The parties have scheduled a meeting in New York City on April 21, 2015 to discuss the possibility of achieving a comprehensive resolution of their disputes arising from the underlying product liability cases in the MDL, including the issues raised in the Cross-claims.   Bard hopes that meeting will result in an agreement that will put Bard, TSL and Sofradim in a better position to assist in a prompt resolution of the underlying product liability cases in the MDL.   If,

however, the April 21, 2015 meeting does not achieve a settlement, Bard intends to move to dismiss, transfer and/or stay proceedings on the Cross-claims.

      **1.**    *Bard's Motions to Stay, Transfer and/or Dismiss the Cross-Claims Should Be Granted*

Bard believes that the Court should grant its potentially dispositive motions for two independent reasons.  First, because the contractual indemnification and insurance issues at issue in the Cross-claims already are the subject of litigation and an arbitration in three more adequate fora: (i) the High Court of Justice in London, England, (ii) New Jersey federal court, and (iii) before the American Arbitration Association.  These litigations involve the same parties, the same agreements and the same requested relief at issue in these Cross-claims.  Each of these agreements involves a multitude of different products, contains different provisions addressing indemnification and related subjects, and each is subject to different choice of law and forum selection provisions.

    On March 4, 2015, Sofradim filed a Notice of "Tag-Along Action" before the United States Judicial Panel on Multidistrict Litigation ("JMPL").  As defined in Section 1.1(h) of the Rules of Procedure of the JPML, a tag-along action is "a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407."  On March 17, 2015, the Clerk of the JPML issued an order determining that the New Jersey action "is not appropriate for inclusion in this MDL."  MDL No. 2187 (dkt. 1160).[1]  The JPML's determination that the New Jersey action should not be transferred to this MDL because it does not share common questions of fact with

---

[1]    Of the over 300 Notices of Potential Tag-Along Actions that have been filed to date, the Panel has found only 10 such actions inappropriate for inclusion in this MDL.

this action further supports Bard's position that the alternate available fora are adequate and readily afford the parties a more appropriate vehicle for the comprehensive resolution of the separate disputes regarding indemnification and defense obligations.

Second, TSL's and Sofradim's Cross-claims relating to its indemnity and defense obligations (and, under the Sofradim agreement, whether Bard has cross-indemnity obligations) are premature because the proposed claims all hinge on individualized factual determinations about Bard's conduct that have not been made in any proceeding, much less been embodied in a non-appealable final judgment.  The claims thus are not ripe because there has been no determination of liability or settlement in any of the products liability cases in which TSL or Sofradim are defendants or in which they are co-defendants with Bard.[2]  Accordingly, because TSL's and Sofradim's Cross-claims for indemnification against Bard require a case-by-case adjudication of issues in the underlying product liability lawsuits, such claims are not ripe and would render any decision by this Court merely advisory.  The kinds of abstract determinations sought by TSL and Sofradim in its claims for declaratory relief would be advisory in nature and would not materially advance the overall disposition of the dispute between the parties.

### 2.  *Bard's Proposed Discovery Schedule*

In the event that its dispositive motions are not granted, Bard requests that the declaratory relief claims be put on a more realistic discovery schedule that reflects the actual documentary and testimonial discovery required to resolve the Cross-claims and better facilitates an opportunity for the parties to settle their disputes prior to the June 2, 2015 conference with the Court.  To that end, if a stay, transfer or dismissal is not granted, Bard proposes that TSL,

---

[2]    Importantly, the claims asserted by Bard in the three pending proceedings do not suffer from this defect; Bard's indemnification claims (and TSL and Sofradim's concomitant duty to defend) were triggered simply by the assertion of underlying product liability claims relating to the use or sale of the products.

JOINT RULE 26(F) REPORT OF DEFENDANTS/CROSS-CLAIMANTS TSL AND SOFRADIM AND DEFENDANT/CROSS-DEFENDANT BARD

Sofradim and Bard be required to produce all documents relevant to the Cross-claims that have not already been produced in the MDL by September 2, 2015, complete all non-plaintiff-specific discovery relevant to the Cross-claims, including fact depositions, by February 2, 2016, complete all non-plaintiff-specific expert discovery relevant to the Cross-claims, including expert reports and depositions, by May 30, 2016, and file any summary judgment motions on the declaratory relief claims no later than August 15, 2016.

In this MDL, *forty-three* Bard witnesses have been deposed versus *zero* witnesses for TSL and only *three* witnesses for Sofradim.  TSL's and Sofradim's request to compress the discovery and limit the number of depositions of each of TSL and Sofradim in this case to a small fraction (less than 1/5th) of the number of depositions that have already been taken of Bard witnesses is unrealistic and inappropriate.

The expedited schedule proposed by Cross-claimants TSL and Sofradim is inappropriate to facilitate resolution of the declaratory relief claims, which are based on complex contracts, each amended multiple times, involving complicated issues of English law and evidence and witnesses overseas in England and in France.  Only a discovery schedule that permits evidence relevant to the Cross-claims to be fully explored can facilitate resolution of the underlying product liability cases.

## II.  Rule 26(f) Report

### A.      Nature of the Claims

This Report concerns the Cross-claims brought by Defendants/Cross-claimants TSL and Sofradim against Defendant/Cross-defendant Bard regarding the parties' respective defense, indemnification, and insurance obligations.

**B.**     **Initial Disclosures**

**1.**     **TSL and Sofradim's Position**

TSL and Sofradim propose that the deadline for service of initial disclosures under Federal Rule 26(a)(1) shall be May 11, 2015.  This deadline would allow the parties sufficient time after the April 21, 2015 settlement meeting to prepare their disclosures, while also ensuring that the disclosures are made in a timely manner so as to facilitate expedited and efficient discovery.

**2.**     **Bard's Position**

Bard has no objection to the schedule proposed for initial disclosures.

**C.**     **Discovery Plan and Proposed Litigation Schedule**

**1.**     **TSL and Sofradim's Position**

TSL and Sofradim propose the following discovery and litigation schedule for Phase 1 discovery (as defined in Section D.1 below):

| | |
|---|---|
| Initial Disclosures (Rule 26(a)(1)): | May 11, 2015 |
| Meet & Confer re document production: | May 11, 2015 |
| Deadline for propounding discovery: | May 15, 2015 |
| Cut-off date for document production: | June 30, 2015 |
| Discovery cut-off date: | August 31, 2015 |
| Dispositive Motion Cut-Off: | September 30, 2015 |

TSL and Sofradim do not currently anticipate that expert discovery will be necessary during Phase 1, but they reserve the right to conduct expert discovery should it become necessary.

### 2. Bard's Position

Bard proposes the following discovery and litigation schedule for Phase 1 discovery (as defined in Section D.2 below):

| | |
|---|---|
| Initial Disclosures (Rule 26(a)(1)): | May 11, 2015 |
| Meet & Confer re document production: | May 11, 2015 |
| Deadline for propounding discovery: | June 30, 2015 |
| Cut-off date for document production: | September 2, 2015 |
| Discovery cut-off date, including fact depositions: | February 2, 2016 |
| Cut-off date for expert reports: | March 15, 2016 |
| Cut-off date for expert depositions: | April 15, 2016 |
| Cut-off date for expert rebuttal reports: | May 30, 2016 |
| Dispositive Motion Cut-Off: | August 15, 2016 |

Bard believes that expert testimony likely will be necessary during Phase 1 to resolve questions of contract interpretation, especially given that the indemnity, defense and insurance obligations at issue in the Bard-TSL agreement are governed by English law.  U.S. courts routinely consider expert submissions relating to foreign law substantive and interpretive issues, and Bard submits that the present disputes will require such submissions and related discovery.

### D. Discovery Subjects, Phasing, and Scope

### 1. TSL and Sofradim's Position

TSL and Sofradim's position is that discovery should be phased so as to focus on issues relating to the declaratory relief Cross-claims, but also to avoid unnecessary duplication of discovery from TSL, Sofradim, and Bard.  Therefore, the present phase of discovery (Phase 1) would be limited to non-plaintiff-specific discovery regarding the relevant distribution

agreements, the parties' respective obligations under those agreements, and the respective roles of TSL, Sofradim, and Bard with respect to the products at issue. Any discovery relating to particular plaintiffs, or to the specific amounts owed under an indemnification, contribution, or any other theory as to any particular plaintiff's claims would be deferred and taken when those specific cases are worked up for trial. Phase 1 discovery would not supplant or prevent discovery that is already proceeding in the underlying cases regarding liability or the conduct of the parties.

TSL and Sofradim's position is that the limits imposed on discovery by Federal Rule 26(b) should apply; all depositions outside the United States shall take place in one trip per foreign location; and depositions shall be conducted in the location of the witness, except by agreement of the parties.

TSL and Sofradim believe that, if the parties are not able to resolve their dispute in the upcoming settlement discussions, it is appropriate for TSL and Sofradim's declaratory relief claims to move forward on an expedited basis. TSL and Sofradim have made Cross-claims for declaratory relief asking the Court to resolve a current, existing controversy between the parties as to their respective indemnification, defense, and insurance obligations under two contracts—contractual obligations that bear directly upon claims in this MDL and questions related to the proper assignment and allocation of potential liabilities between TSL and Bard and between Sofradim and Bard, respectively, in various constituent actions. Those declaratory relief claims are appropriate and ripe for decisions, such as through a motion for summary judgment, and their expedited adjudication would facilitate the efficient and equitable disposition of many of the claims at issue in this MDL.

The fact that a current, existing controversy exists between the parties is made clear by drastically different positions that the parties have taken in the pleadings and briefing filed to date with respect to their contractual obligations and the appropriate interpretation of the contracts. That claims for declaratory relief are timely, ripe and appropriate is further evidenced by the fact that Bard has similarly filed declaratory relief claims seeking interpretation of the same provisions of the same contracts, although they wish to have those issues decided in different venues (including outside of the United States). Bard's contention that its own declaratory relief claims filed elsewhere are ripe for adjudication now, but that TSL and Sofradim's reciprocal Cross-claims based on the very same contractual provisions are not yet ripe for adjudication before this Court makes no sense. TSL and Sofradim have raised their claims through the cross-claim procedures contemplated by the Federal Rules, this Court has granted leave for those claims to be filed, and the claims should proceed on their merits.

## 2.    Bard's Position

Bard's position is that it is premature to decide these cases until and unless there has been a final adjudication of individualized factual questions that must be answered in order to apply the relevant contractual provisions. Final determination of TSL's and Sofradim's Cross-claims will necessarily require as a factual basis information about the outcome and basis for outcome of the underlying litigation giving rise to the indemnification. Until that time, the Court will essentially be rendering advisory opinions that do not grant concrete relief. Such piecemeal adjudication would be highly inefficient and unproductive. Bard's position is that discovery should be governed by this Court's previously issued pretrial orders regarding discovery and, to the extent not addressed therein, by the Federal Rules of Civil Procedure and this Court's local rules. *See, e.g.*, MDL No. 2187, Pretrial Order 8 (dkt. 55).

Bard believes that, if the parties are not able to resolve their dispute in the upcoming settlement discussions, it is more appropriate for the indemnification and insurance issues at issue in TSL's and Sofradim's Cross-claims to move forward in the actions in the High Court of Justice in England and federal court in New Jersey. Bard has made claims for declaratory relief asking those courts to resolve current, existing controversies between the parties as to their respective obligations under two contracts. Those declaratory relief claims are appropriate and ripe for decision. In contrast, TSL and Sofradim's claims for indemnification against Bard require case-by-case *adjudication* of individualized issues that are not ripe, such as what information about the TSL and Sofradim products specific doctors received, how they used and conveyed that information to an MDL plaintiff (if at all), and whether each doctor would have acted differently if he or she had received different information.

The fact that the parties have taken different positions with respect to their contractual obligations and the appropriate interpretation of the contracts in the pleadings and briefing filed to date reflects only that a controversy exists, not that such a controversy is ripe on TSL's and Sofradim's Cross-claims. Although it is true that Bard has filed actions seeking declaratory relief based on the same provisions of the same contracts at issue in the Cross-claims, these actions indicate only that Bard believes its own claims are timely, ripe and appropriate, not that TSL and Sofradim's claims are timely, ripe or appropriate. Again, Bard has well founded reasons for this belief: Bard's indemnification claims already have been triggered by the *assertion* of underlying product liability claims relating to the use or sale of the products, whereas TSL and Sofradim's indemnification claims will be, but have not yet been, triggered by *adjudication* of individualized issues.

**E.     Electronic Discovery**

**1.     TSL and Sofradim's Position**

Extensive electronic discovery should not be necessary, given the limited subject matter for Phase 1 discovery.  TSL and Sofradim will work with Bard in good faith to address any issues should the need for production of electronically-stored information arise.  TSL and Sofradim propose that documents be produced in electronic form.

**2.     Bard's Position**

Bard believes that extensive discovery will be necessary.  Prior produced discovery does not cover subject areas key to this dispute, such as documents related to negotiations of the Bard-TSL Distribution Agreement, and four amendments thereto, and the Bard-Sofradim 2002 Supply & License Agreement, and two amendments thereto, as well as all discussions related to the indemnification and insurance provisions contained in the contracts at issue.  Furthermore, since many of the documents likely will be written in French, such discovery will require extensive translation and thus will be time consuming.

**F.     Claims of Privilege or Protection**

The parties agree to prepare privilege logs pursuant to Federal Rule 26(b)(5)(A). Privilege logs must be provided within 30 days after the production of documents.

**G.     Changes to Limitations on Discovery**

**1.     TSL and Sofradim's Position**

TSL and Sofradim propose limiting the number of depositions for this phase of discovery to seven per side, not longer than seven hours on the record per deposition, given the narrow subject matters at issue in Phase 1.  TSL and Sofradim do not anticipate needing to change the limitations on the number of interrogatories contained in Federal Rule 33.  In the event the need

for modifications to the number and scope of depositions or interrogatories arises, TSL and Sofradim will work with Bard in good faith to define the parameters of any such modifications.

### 2.     Bard's Position

Bard proposes no limit to the number of depositions for this phase of discovery at this time, consistent with the Court's prior order.  *See* MDL No. 2187, Pretrial Order 8 (dkt. 55).  In accordance with Federal Rule 30, Bard proposes that depositions are not longer than seven hours on the record per deposition taken in English, and not longer than two days of twelve hours total on the record per deposition taken in any non-English language to account for translation issues. Bard does not anticipate needing to change the limitations on the number of interrogatories contained in Federal Rule 33.  In the event the need for modifications to the number and scope of depositions or interrogatories arises, Bard will work with TSL and Sofradim in good faith to define the parameters of any such modifications.

### H.    Settlement

### 1.     TSL and Sofradim's Position

The parties are engaged in ongoing discussions regarding settlement and are meeting on April 21, 2015 in New York City to discuss settlement in person.  The parties' disagreement about their respective defense, indemnification, and insurance obligations remains an impediment to settlement of the underlying products liability claims and has given rise to the present Cross-claims.

TSL and Sofradim believe the parties' disagreement about their respective defense, indemnification, and insurance obligations remains an impediment to settlement of the underlying products liability claims.  Further, TSL and Sofradim believe that if the parties cannot resolve their dispute in the April 21 meeting, given the time and energy that have already been

JOINT RULE 26(F) REPORT OF DEFENDANTS/CROSS-CLAIMANTS TSL AND SOFRADIM AND DEFENDANT/CROSS-DEFENDANT BARD

committed to attempting to resolve this dispute, resolution is unlikely unless and until this Court resolves the current, existing dispute between the parties as to their respective obligations with respect to indemnification, insurance, and defense.

### 2.      Bard's Position

The parties are engaged in ongoing discussions regarding settlement and are meeting on April 21, 2015 in New York City to discuss settlement in person.  In the event that settlement is not achieved during the April 21 meeting, Bard believes that the parties will have additional opportunities to engage in settlement meetings prior to the June 2, 2015 meeting before this Court.  Vast amounts of time and resources already have been expended in this action.  To avoid expending additional time and additional resources, Bard believes that discovery should be deferred until after the June 2 meeting in the event settlement is reached.   Bard is fully committed to, and optimistic about, the upcoming settlement discussions with TSL and Sofradim and does not believe that resolving the Cross-claims is necessary for achieving settlement.

## I.      Attendance at Scheduling Conference

### 1.      Bard's Position

Bard requests that the Court limit attendance at the April 9, 2015 scheduling conference to parties the Court directed to attend to address solely TSL's and Sofradim's Cross-claims against Bard.

### 2.      TSL and Sofradim's Position

TSL and Sofradim are opposed to Bard's position.  The Court specifically stated that while counsel handling the Cross-claims are to attend the Scheduling Conference, all counsel are welcome.  Other counsel for TSL and Sofradim do plan to attend, as invited by the Court.

JOINT RULE 26(F) REPORT OF DEFENDANTS/CROSS-CLAIMANTS TSL AND SOFRADIM AND DEFENDANT/CROSS-DEFENDANT BARD

Respectfully submitted,


Dated: April 8, 2015


        ____/s/John D. Hoblitzell, III_____
        Rebecca A. Betts
        John D. Hoblitzell
        **KAY CASTO & CHANEY PLLC**
        0863 1500 Chase Tower
        707 Virginia Street, East
        Charleston, WV 25301
        Tel:304-345-8900
        Fax: 304-345-8909

        And

        _____/s/ Christopher D. Dusseault_____
        Christopher D. Dusseault
        **GIBSON, DUNN & CRUTCHER LLP**
        333 South Grand Avenue
        Los Angeles, CA 90071
        Tel: 213-229-7000

        *Attorneys for Cross-claimants Tissue Science Laboratories*
        *Limited and Sofradim Production*



        ____/s/Joseph M. McLaughlin_____
        Joseph M. McLaughlin
        SIMPSON THACHER & BARTLETT LLP
        425 Lexington Avenue
        New York, NY 10017
        Tel: (212) 455-2000
        Fax: (212) 455-2502

        *Attorneys for Cross-defendant C.R. Bard, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE C.R. BARD, INC. PELVIC REPAIR                           MDL No. 2187
SYSTEM PRODUCTS LIABILITY
LITIGATION

THIS DOCUMENT RELATES TO:             ALL CASES NAMING C.R. BARD, INC.
                                      AND TISSUE SCIENCE LABORATORIES
                                      LIMITED AS CO-DEFENDANTS AND
                                      ALL CASES NAMING C.R. BARD, INC.
                                      AND SOFRADIM PRODUCTION AS CO-
                                      DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2015, I served "**Joint Rule 26(F) Report of Defendants/Cross-Claimants Tissue Science Laboratories Limited and Sofradim Production and Defendant/Cross-Defendant C.R. Bard, Inc.**" using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Dated:  April 8, 2015                 **Respectfully submitted,**

/s/John D. Hoblitzell III_____
**KAY CASTO & CHANEY PLLC**           **GIBSON, DUNN & CRUTCHER LLP**
Rebecca A. Betts (WV #329)            Christopher D. Dusseault
John D. Hoblitzell (WV #9346)         Lauren A. Eber
1500 Chase Tower                      Ilissa Samplin
707 Virginia Street, East             333 South Grand Avenue
Charleston, WV 25301                  Los Angeles, CA 90071
Tel: 304-345-8900                     Tel: 213-229-7000
Fax: 304-345-8909                     Fax: 213-229-7520