**Rawlings&Associates** PLLC

Post Office Box 49
LaGrange, Kentucky 40031-0049

One Eden Parkway
LaGrange, Kentucky 40031-8100

Telephone (502) 814-2139
Telecopier (502) 584-8580

Offices Also In:
Florence, Kentucky
Los Angeles, California

Mark D. Fischer, Chairman
Attorney at Law

May 28, 2015

**Filed via ECF**

The Honorable Joseph R. Goodwin
United States District Court
Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 2400
Charleston, WV 25301

Re: *In re C.R. Bard, Inc. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2187
*In re American Medical Systems, Inc. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2325
*In re Boston Scientific Corp. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2326
*In re Ethicon, Inc. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2327
*In re Coloplast Corp. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2387
*In re Cook Medical, Inc. Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2440
*In re Neomedic Pelvic Repair Systems Prod. Liab. Litig.*, MDL No 2511

Dear Judge Goodwin:

Rawlings & Associates PLLC and Lowey Dannenberg Cohen & Hart, P.C., represent health plans providing coverage to more than one hundred million Americans (the "Health Plans").[1]

These Health Plans are allowed, and often required, to pursue (i) subrogation claims against tortfeasors that injured their plan members, and (ii) reimbursement claims (including Medicare Secondary Payer claims) against plan members, and their attorneys, when a settlement or judgment may impact the rights of the Health Plans to recover for medical expenses incurred in treating tort claimants.

In 2012, we notified the defendants in the four MDL proceedings that were then pending (American Medical Systems, Inc., C.R. Bard, Inc., Boston Scientific Corp., and Ethicon, Inc.) concerning the Health Plans' interests in any settlement or resolution of personal injury cases based on injuries allegedly caused by transvaginal mesh ("TVM") products.

---

[1] On February 25, 2014, one of these clients, Humana, Inc. filed a motion to intervene for the limited purpose of objecting to a particular provision contained in plaintiffs' motion to appoint a lien resolution administrator. *See, e.g.*, Motion to Intervene, *In re Cook Medical, Inc. Pelvic Repair Systems Product Liability Litigation*, 13-md-2440 [ECF #93] (February 14, 2014). Following discussions with the parties, this motion was withdrawn on February 26, 2014.

The Honorable Joseph R. Goodwin
May 28, 2015
p. 2

      In recent months we have been in contact with some, but not all, plaintiff firms who have an appointment from this Court to represent various tort plaintiff interests in the TVM MDLs. With some of those firms we have been able to work out amicable, win-win-win resolutions to address private health care reimbursement issues. In broad stroke, those agreements establish an efficient "lien resolution program" under which payable reimbursement obligations are identified, efficiently quantified, and reduced to a negotiated amount. The notion is to create efficiencies, reduce costs, and avoid any delay in compensation to victims. The plan also aids the tort defendants because the program reduces (or eliminates) exposure those defendants have for direct claims that might be made against them by health plans for unpaid or misdirected reimbursement funds. This is why we see those plans as win-win-win.

      Of course, these programs really only work if there is broad (or complete) participation by tort victims (and their lawyers) and health plans (and their lawyers). If some tort victims do not participate, then that leaves the prospect for litigation between the parties, imposes costs on the courts, and creates an incentive for others to "opt out." By the same token, the tort victims reasonably expect that if there is a program, that there is wide participation by health plans (so that the lien will be fully resolved).

      In a number of prior mass tort settlements, we have been able to implement these private lien resolution programs ("PLRPs"), allowing settling parties to resolve all subrogation and reimbursement liabilities owed to the Health Plans efficiently, and at a discount. In some cases, the MDL district judge has been actively involved with us and others in the development of the program. In this case, we have already entered such PLRP agreements with some of the firms representing claimants in the TVM litigation.

      We would like to ensure that each firm representing TVM claimants is afforded the opportunity to similarly resolve their clients' obligations in an efficient and fair manner. We are aware that the Court has scheduled a Status Conference for 1:00 pm on Tuesday, June 2, 2015. We intend to send a lawyer from a firm that works with us as of-counsel on these matters, Greg Arnold, who will be present at the Status Conference to answer any questions the Court may have.

Very Truly Yours,

RAWLINGS & ASSOCIATES, PLLC

Mark D. Fischer

cc: All counsel of record (via ECF notification)