IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION MDL No. 2187

---

**Memorandum of Law in Support of
Plaintiffs' Motion to Transfer**

Plaintiffs, listed in Exhibit "A" attached hereto, are represented by Kline & Specter, P.C. and hereby respectfully request that their cases be transferred to the District Court for the Eastern District of Pennsylvania (hereinafter "E.D.Pa.") for all further proceedings and trial.

### A. Background and Procedural History

Plaintiffs, who have been implanted with pelvic mesh products manufactured and sold by C.R. Bard, Inc., Sofradim Production SAS and/or Tissue Science Laboratories Limited (hereinafter collectively "Bard") have either filed their cases directly in to MDL No. 2187 or have been transferred to MDL No. 2187 pursuant to Conditional Transfer Order from the E.D.Pa. In their Short Form Complaints, Plaintiffs have indicated that the E.D.Pa. is the District Court and Division in which venue would be proper absent direct filing. Of the 157 Kline & Specter, P.C. cases in MDL 2187, over 60% were filed in 2013 or earlier.

Generic discovery is substantially completed. Given the large backlog of cases, and their delay in resolution, Plaintiffs respectfully request that their cases be transferred to the E.D.Pa. for trial.

### B. Legal Argument

Pretrial Order #51, entered on September 26, 2012, pertains to New Direct Filing Order, Master and Short Form Complaint, and Master Responsive Pleadings. (*See* Exhibit "B.") It

was entered, "[T]o eliminate the delays associated with the transfer of cases filed in or removed from other federal district courts to this court as part of MDL No. 2187, to promote efficiency and to accommodate plaintiffs who wish to bring claims against defendants in more than one pelvic repair system MDL . . . ."

As stated above, some of Plaintiffs' cases were filed directly in to MDL 2187 and some were transferred to MDL 2187 from the E.D.Pa. For all of the cases, Short Form Complaints have designated the E.D.Pa as the District Court and Division in which venue would be proper absent direct filing. Per 28 U.S.C. §1391(b)(1) and (d), venue is proper as to Bard since those companies have sufficient contacts to subject them to personal jurisdiction in the district.

Pretrial Order #51 contains specific instructions as to cases filed directly in to MDL 2187 and cases transferred in. For cases filed directly in, Pretrial Order #51 makes clear that this MDL is solely for purposes of consolidated discovery and related pretrial proceedings.

> (B)(4) This court shall not be deemed to be the "transferor court" simply by virtue of the action having been directly filed into MDL No. 2327. The direct filing of actions in MDL No. 2187 in the Southern District of West Virginia is solely for the purposes of consolidated discovery and related pretrial proceedings as provided by 28 U.S.C. §1407; the parties submit to this court's personal jurisdiction and venue in the Southern District for those purposes only. Upon completion of all pretrial proceedings applicable to a case directly filed in the Southern District, the defendants do not intend to waive their rights to transfer any case in this MDL to a court of proper venue under 28 U.S.C. §1406(a). At the conclusion of all pretrial proceedings, the court, pursuant to 28 U.S.C. §1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. §1391, based on the recommendations of the parties to that case, or on its own determination after briefing from the parties if they cannot agree. . . .

(Pretrial Order #51, at (B) (4).))

Regarding cases transferred to MDL 2187 by Conditional Transfer Order of the Judicial Panel on Multidistrict Litigation (hereinafter "MDL Panel"), Pretrial Order #12 provides as follows:

Upon completion of the pretrial proceedings relating to a civil action as determined by this court, civil actions in this MDL which were transferred to this court by the MDL Panel shall be transferred fort further proceedings to the District Court from which such action was transferred to this MDL.

(Pretrial Order #51, at (C)(2).)

**C. Conclusion**

Pretrial proceedings are substantially complete. Plaintiffs' cases are not scheduled for trial in this MDL. Given the large case inventory and the unlikelihood of a prompt adjudication of their claims, Plaintiffs respectfully suggest that transfer is proper at this time and request that their cases be transferred to the E.D.Pa for all further proceedings and trial.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant this motion and transfer all cases listed in Exhibit "A" to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

By: _____
Thomas R. Kline, Esquire
Shanin Specter, Esquire
Lee B. Balefsky, Esquire
Michelle L. Tiger, Esquire
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000

*Counsel for Plaintiffs*

Dated: June 17, 2015