IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                               MDL No. 2187

------------------------------------------------------
THIS DOCUMENT RELATES TO CASES IDENTIFIED IN
PLAINTIFFS' MOTION TO TRANSFER [ECF No. 1768]

## ORDER

Pending before the court is the Motion to Transfer [ECF No. 1768] filed by certain plaintiffs represented by Kline & Specter P.C.[1] The defendant—C. R. Bard, Inc.—filed its Response [ECF No. 1786] on February 17, 2016, and the plaintiffs did not file a timely reply, making the Motion ripe for adjudication. In short, the court **DENIES** the Motion.

These particular plaintiffs ask the court to transfer their cases to the United States District Court for the Eastern District of Pennsylvania.[2] Transfer is proper, they claim in part, because "[g]eneric fact discovery has been substantially completed, but these cases are not listed for trial." Mot. 1; *see also* Mem. Supp. Mot. 3 [ECF No. 1770] ("Pretrial proceedings are substantially complete."). But according to the defendant, the plaintiffs place too much emphasis on "corporate fact discovery" and "ignore the plethora of pretrial proceedings that have yet to occur in the cases at issue

---

[1] The plaintiffs moving for transfer are listed in the Motion. Mot. 4–5.

[2] The court has not made a venue determination in relation to these cases and will not do so now.

. . . including[ ] case-specific fact discovery, expert discovery, *Daubert* motions, and dispositive motions." Resp. 3; *see also id.* at 5 ("Allowing Kline & Specter to transfer their cases out of the MDL before the pretrial proceedings are complete defeats the purpose of coordinated pretrial proceedings . . . .").

As the MDL transferee court, this court is charged with "coordinating or consolidating the cases previously pending in a number of different districts; identifying differences in applicable law; and seeking information from the parties as to the status of the cases in order to determine how to proceed with pretrial discovery and motions." Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., Managing Multidistrict Litigation in Products Liability Cases 3 (2011); *see also* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."). Most importantly, the court is tasked with overseeing pretrial proceedings: "[The transferee judge's] ultimate responsibility is to resolve pretrial issues in a timely and expeditious manner. The transferee judge supervises discovery; resolves important evidentiary disputes, class certification issues, and dispositive motions; and establishes procedures that will aid the parties in settlement negotiations." *Id.* So as the court explained in Pretrial Order No. 51, the court will not transfer cases from this MDL until *all* pretrial proceedings are concluded:

> At the conclusion of *all* pretrial proceedings, the court, pursuant to 28 U.S.C. § 1404(a), will transfer each case filed directly in the Southern District to a federal district court of proper venue as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case, or on

2

its own determination after briefing from the parties if they cannot agree.

PTO No. 51, at 4.

These particular plaintiffs claim transfer is warranted because portions of pretrial proceedings have been completed.[3] The parties have conducted some general discovery in this MDL. I conducted a bellwether trial in this MDL before the parties entered into serious settlement negotiations, which are ongoing. As to specific discovery, every plaintiff is required to complete a plaintiff profile form. Only three of the seventy-two cases the plaintiffs seek to transfer have been placed in a wave, requiring further case-specific workup, and the court stayed discovery in the relevant wave for further pretrial workup after it was clear that significant settlement negotiations were ongoing and proceeding with progress. The remaining sixty-nine cases not assigned to a wave remain in the nascent stages of discovery (i.e., each plaintiff has presumably completed a plaintiff profile form).[4] In short, pretrial proceedings are far from "substantially complete" as the plaintiffs suggest, which counsels against transfer.

In any event, the court made it quite clear that transfers would be effected "[a]t the conclusion of *all* pretrial proceedings." PTO No. 51, at 4 (emphasis added).

---

[3] The plaintiffs do not provide specific examples of the pretrial proceedings completed in these cases; instead, the plaintiffs vaguely refer to "[g]eneric fact discovery." Mot. 1.

[4] During the course of this MDL, the court has placed cases in large groups—or waves—to ensure defined discovery, consolidated motion practice, and consistent outcomes. At this time, there are three waves in this MDL. None of the cases here were placed in Wave One or Wave Two; three cases here were placed in Wave Three. PTO No. 133 Ex. A1, at 8 (designating *Beer v. C. R. Bard, Inc.*, No. 2:13-cv-6516; *Gray v. C. R. Bard, Inc.*, No. 2:12-cv-8078; and *Rodriguez v. C. R. Bard, Inc.*, No. 2:13-cv-33422, as Wave Three cases).

Further review of Pretrial Order No. 51 and subsequent pretrial orders reveals that the court did not change this language to read that transfers would be effected when some or a substantial portion of proceedings had been completed. Simply put, conclusion of a portion of pretrial proceedings is not the conclusion of all pretrial proceedings. Thus, the plaintiffs' request for transfer is premature.

Because pretrial proceedings remain incomplete, transferring these cases at this juncture is not warranted and would be inefficient, undermining the purpose of coordinated pretrial proceedings. Accordingly, the court **DENIES** the Motion to Transfer [ECF No. 1768].

        ENTER:    March 9, 2016.

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE