IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C. R. BARD, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL No. 2187

---

THIS DOCUMENT RELATES TO C. R. BARD WAVE 4 & WAVE 5 CASES

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: James Anderson, Ph.D., M.D.)

Pending in *In re C. R. Bard, Inc. 2:10-md-2187*, MDL 2187, is the plaintiffs'

*Daubert* motion[1] to Exclude Certain Opinions and Testimony of James Anderson,

Ph.D., M.D. [ECF No. 4538]. The motion is now ripe for consideration because the

briefing is complete. As set forth below, the plaintiffs' motion is **GRANTED in part**

and **DENIED is part**.

I.      Background

These groups of cases reside in one of seven MDLs assigned to me by the

Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal

surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence

("SUI"). In the seven MDLs, there are more than 29,000 cases currently pending,

approximately 3,000 of which are in the C. R. Bard, Inc. MDL, MDL No. 2187.

---

[1] Rather than refile, the plaintiffs entered a "notice" adopting prior *Daubert* motions that incorporate
the parties positions previously formulated in Waves 1 and 2.

In an effort to manage the massive Bard MDL efficiently and effectively, the court decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded.

Upon the creation of a wave, I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 236, *In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-02187, Jan. 27, 2017, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Included among the discovery rules imposed by the court is the obligation of the parties to file *Daubert* motions seeking to limit or exclude the testimony of general experts in the main MDL, MDL 2187, and to identify which cases the motion would affect.

Before plunging into the heart of the Motion, I am compelled to comment on the manner in which the parties filed the instant *Daubert* motions. Nearly all of the identified motions before the court are presented on the docket as a "Notice," wherein a party adopts and incorporates the entirety of a motion filed in a previous wave – sometimes several years old. As such, the grounds upon which the parties challenge the proffered expert are sometimes inapplicable to the cases grouped in Wave 4 or Wave 5. As I have previously lamented, recycling expert testimony, objections, and the court's prior rulings, creates the perfect storm of obfuscation. The parties' practice of adopting and incorporating dated materials only compounds the issue as the briefing suffers from antiquation. With this in mind, the following analysis involve

the parties' efforts to exclude or limit the general opinions and testimony of the experts so identified.

## II.   Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles and methods" which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court is the gatekeeper. It is an important role: "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct" – "[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424,

431 (4th Cir. 2006) (alteration in original) (quoting *Daubert*, 509 U.S. at 596 (alteration in original)); *see also Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (citation omitted)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591-92 (citations and internal quotation marks omitted).

## III.  Analysis

Bard offers Dr. James Anderson to opine on the biocompatibility of, and pathological responses to, implantable materials and devices. The plaintiffs seek to preclude Dr. Anderson from offering opinions concerning six topics: (1) specific causation for plaintiffs for whom he reviewed no pathology; (2) surface oxidation of polypropylene *in vivo*; (3) FDA regulatory process; (4) credibility of plaintiffs' experts; (5) the Material Safety Data Sheet ("MSDS") for Marlex polypropylene; and (6) the American Urogynecologic Society (AUGS) and Society of Urodynamics, Female Pelvic Medicine & Urogenital Reconstruction (SUFU) position statement on midurethral slings.

As discussed below, the plaintiffs' motion to exclude certain opinions expressed by Dr. Anderson is **GRANTED in part and DENIED in part**.

### 1.  Specific Causation

As noted above, the docket reflects several of the *Daubert* motions pending before the court as a "Notice," wherein a party adopts and incorporates by reference the *Daubert* Motion and Reply Brief filed against the same expert in prior Bard, MDL

2187, wave cases. Certain aspects of these reinstituted *Daubert* motions are irrelevant or inapplicable to Bard Wave 4 or Wave 5 cases. Here, the parties' dispute pertaining to specific causation concerned other multidistrict litigation plaintiffs. The motion is therefore **DENIED as moot** on this point.

      2. Surface Oxidation

Dr. Anderson advances the opinion that surface oxidation with respect to polypropylene implants does not occur *in vivo*. The plaintiffs seek the exclusion of this opinion as redundant and duplicative of Dr. Maureen Reitman's, another expert Bard intends to proffer. *See* Notice of Adoption of Prior Daubert Mot. of James Anderson, Ph.D. for Waves 4 and 5 Cases, Ex. 1 at 10 (citing *Eberli v. Cirrus Design Corp.*, 615 F. Supp. 2d 1357, 1364 (S.D. Fla. 2009) (stating that an expert "must make some findings and not merely regurgitate another expert's opinion")) [ECF No. 4538-1].

In support of their position, the plaintiffs infer the absence of individuality and of a credible methodology by noting the dichotomy between the opinions Dr. Anderson expresses currently, and the position concerning surface oxidation of polypropylene mesh materials *in vivo* he took previously in 2013. Dr. Anderson testified as follows:

> Q: And Doctor, you would agree that—you had testified before that surface oxidation occurs with respect to polypropylene implants in vivo.
>
> A: Yes.
>
> Q: Is that true?
>
> A: Yes, I—that was my opinion in 2013 and now my opinion has changed because we have more additional information regarding the possibility of that process.

Q: Okay. So you no longer believe that surface oxidation occurs to polypropylene in vivo.

A: As it relates to the polypropylene utilized in the mesh materials, that's correct, I no longer believe that. . . .

Q: Is your current opinion, or new opinion, about the surface oxidation of polypropylene in vivo, is that solely based on your reviewing of Reitman's expert report and any exhibits attached to that report?

A: That's correct.

Q: Are there any articles that you're relying upon to support your current opinion with respect to surface oxidation of polypropylene in vivo?

A: No.

*Id.* at 8-9 (citing Anderson Dep. 605:24-608:10).

This acknowledgement alone, however, does not serve as an admission that his conclusions mirror Dr. Reitman's, nor does it render Dr. Anderson's testimony unhelpful. Rather, it appears from the record that Dr. Anderson merely relies on the testing performed by Dr. Reitman in forming his opinion.

Q: Okay. So why is it that you have chosen to accept Dr. Reitman's study and results and reject Dr. Brennan's study and results?

A: Well, based upon my knowledge and experience as an organic chemist, dimethyl sulfoxide is, as I said, a universal solvent; and then secondly, the Fourier transform infrared spectroscopy was consistent with removal of the protein because protein peaks were not seen in that, and only – excuse me. Protein peaks were seen in that evaluation, but no – no oxidation peaks of the polypropylene. So I felt that that was – I felt that that was sufficient. I cannot speculate regarding Dr. Brennan's method because I don't – I don't recall it.

*See* Notice of Adoption of Bard's Prior Opposition to Pls.' Mot. to Exclude Certain Ops. & Test. of James Anderson, Ph.D., M.D., & Br. in Supp. for Waves 4 and 5 Cases, Ex. B at 13 (citing Anderson Dep. 610:25-611:15) [ECF No. 4638-2]. In other words, the plaintiffs have not demonstrated that Dr. Anderson's acknowledgement that he *relied* upon the testing performed by Dr. Reitman in forming his current opinion serves as an *admission that his opinion mirrors that proffered by Dr. Reitman.*

The plaintiffs neither cite Dr. Reitman's conclusions to compare to Dr. Anderson's, nor point to anything in the record that permits such an inference. *See* *Buck v. Ford Motor Co.*, 810 F. Supp. 2d 815, 844 (N.D. Ohio 2011) ("[T]he process of analyzing assembled data while using experience to interpret the data is not illicit; an expert need not actively conduct his or her own tests to have a valid methodology.") (citing *Clark v. Takata Corp.,* 192 F.3d 750, 758 (7th Cir. 1999) (holding that either "hands on testing" or "review of experimental, statistical, or other scientific data generated by others in the field" may suffice as a reasonable methodology upon which to base an opinion)); *see also Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 729–30 (E.D.N.C. 2007) (citing *Westfield Ins. Co. v. Harris,* 134 F.3d 608, 613 (4th Cir.1998) (reversing district court's exclusion of an expert report even where an estimated ninety percent of the report was derived from another investigator's work where such reliance was of the type reasonably relied upon by experts in that field); *McReynolds v. Dodexho Marriot Servs. Inc.,* 349 F. Supp. 2d 30, 37 (D.D.C. 2004) (allowing expert testimony which relied in part on the work of others, where expert was able to review for error and independently verify the analysis); *see also*

*Ohio Envt'l Dev. Ltd. P'ship v. Envirotest Sys. Corp.,* 478 F. Supp. 2d 963, 976 (N.D. Ohio 2007) (holding that "an expert's testimony may be formulated by the use of the facts, data and conclusions of other experts")).

The plaintiffs can explore a challenge regarding perceived changes to his testimony over time on cross-examination. *See McReynolds v. Sodexho Marriott Servs., Inc.*, 349 F. Supp. 2d 30, 40 (D.D.C. 2004) (stating that the inconsistencies or misstatements in an expert's testimony "go to credibility, rather than *Daubert's* standard of admissibility"). Therefore, the plaintiffs' motion is **DENIED** on this point.

### 3. FDA 510(k) Clearance

Many of the *Daubert* motions filed in this MDL raise the same or similar objections. One particular issue has been a staple in this litigation, so I find it best to discuss it in connection with every expert. I have repeatedly excluded evidence regarding the FDA's section 510(k) clearance process in these MDLs, and will continue to do so in these cases, a position that has been affirmed by the Fourth Circuit. *In re C. R. Bard, Inc.*, 81 F.3d 913, 921–23 (4th Cir. 2016) (upholding the determination that the probative value of evidence related to section 510(k) was substantially outweighed by its possible prejudicial impact under Rule 403). Because the section 510(k) clearance process does not speak directly to safety and efficacy, it is of negligible probative value. *See id.* at 920 ("[T]he clear weight of persuasive and controlling authority favors a finding that the 510(k) procedure is of little or no evidentiary value."). Delving into complex and lengthy testimony about regulatory compliance could inflate the perceived importance of compliance and lead jurors "to

erroneously conclude that regulatory compliance proved safety." *Id.* at 922. Accordingly, expert testimony related to the section 510(k) process, including subsequent enforcement actions and discussion of the information Bard did or did not submit in its section 510(k) application, is **EXCLUDED**. For the same reasons, opinions about Bard's compliance with or violation of the FDA's labeling and adverse event reporting regulations are **EXCLUDED**. In addition to representing inappropriate legal conclusions, such testimony is not helpful to the jury in determining the facts at issue in these cases and runs the risk of misleading the jury and confusing the issues. Insofar as any *Daubert* motion in this case challenges the FDA-related testimony discussed here, the motions are **GRANTED**.

4.  The Credibility of Plaintiffs' Experts

The plaintiffs also seek the exclusion of certain statements made by Dr. Anderson concerning Dr. Klosterhalfen's credibility, an expert certain plaintiffs intend to proffer, believing such criticisms are beyond a permissible critique. Bard concedes the issue in response, stating that Dr. Anderson will not provide opinions regarding the credibility of Dr. Klosterhalfen. Insofar as Dr. Anderson's testimony usurps the province of a jury to determine a witness's credibility, the parties agree that such statements are **EXCLUDED**. However, statements by one expert assessing or analyzing another expert's substantive testimony or the reliability of their opinions are permissible.

5.  The Material Safety Data Sheet for Marlex HGX-030-01

Bard concedes that Dr. Anderson will not on direct examine proffer any opinions about the MSDS. Therefore, the plaintiffs' objections to Dr. Anderson's opinions regarding the MSDS in question are **DENIED as moot.**

### 6. AUGS/SUFU Position Statements

The plaintiffs' objections to Dr. Anderson's opinions on the AUGS/SUFU position statements are **DENIED as moot**, given that Bard has agreed that Dr. Anderson will not offer any testimony about the AUGS/SUFU position statement.

## IV. Conclusion

To summarize, I **GRANT in part**, **DENY in part**, and **DENY as moot in part** the plaintiffs' motion concerning Dr. James Anderson, Ph.D., M.D. [ECF No. 4538] consistent with my reasoning above.

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12-md-2187, and the Bard Wave 4 and Wave 5 cases identified in the Exhibit attached hereto. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     January 23, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# Exhibit
## "1"

| Wave | Civil Action No. | Case Name |
|------|-----------------|-----------|
| 2187 - COVIDIEN WAVE 1 | 2:13-cv-29220 | Miller et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:11-cv-00904 | Ward et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00619 | Dickson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00812 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-01725 | Lambrecht v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02118 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02505 | Gomez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02564 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02725 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-04481 | Fine v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-05465 | Azbill et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06391 | Jacoby v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06470 | Wilson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06841 | Chrastecky et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07079 | Hubner et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07570 | Lee v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07578 | Degarmo v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09632 | Skinner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09670 | Summers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01025 | Perez et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01028 | Warbutton et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-01524 | Holmes v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01526 | Nall v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-02139 | Moubray et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-03291 | Sciulla et al v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-04813 | Gabler et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-06629 | Nicholson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08256 | Crase et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08365 | Magers et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08607 | Zephro v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08983 | Davison v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09324 | Johnson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09635 | Noll et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10318 | Priddy v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10496 | Santiago v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11499 | D'Angelo v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-11655 | Smith v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-11811 | LeBeau et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11949 | Slate et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12390 | Wheeler v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12416 | Speetzen v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12622 | Cox et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13234 | Bennett et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13245 | Graciano et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-15209 | Gardiner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-16405 | Newell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-17989 | Radatz v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-18752 | Spencer v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| ~~2187 WAVE 4~~ | ~~2:13-cv-19575~~ | ~~Swarts et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-19736 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20036 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20881 | Long v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-23388~~ | ~~Athans et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-23391~~ | ~~Baker v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-24208 | Carnahan v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24515~~ | ~~Chirino et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24844~~ | ~~Steffy v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24849~~ | ~~Martinez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24853~~ | ~~Sanborn et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-25041~~ | ~~Clothier v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26000~~ | ~~Davidson et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26011~~ | ~~Dunklebarger v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26100~~ | ~~Moize v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-26574 | Landers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26748 | Raines et al  v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26796~~ | ~~Justice et al v. C. R. Bard, Inc. et al~~ |
| 2187 WAVE 4 | 2:13-cv-28084 | Hoffman et al v. Ethicon, Inc. et al |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29220~~ | ~~Miller et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29823~~ | ~~Robbins et al  v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29841~~ | ~~Carrillo et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-30640 | Smith et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30814~~ | ~~Hannig et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30975~~ | ~~Alexander et al v. C. R. Bard, Inc. et al~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30998~~ | ~~Cassada v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31106~~ | ~~Price et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31141~~ | ~~Zurinsky v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31242~~ | ~~Howard v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32049~~ | ~~Utter et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32187~~ | ~~Thomasson v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-32359 | Hummel v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32972~~ | ~~Wilson et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33474~~ | ~~Armintrout v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33590~~ | ~~Garcia et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33628~~ | ~~Hunt et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-33690 | Barker et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33757~~ | ~~Mealor v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-34058 | Purcell v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00161~~ | ~~Schreiber-Hester et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00404~~ | ~~Gilbert v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:14-cv-00606 | Moore et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00807~~ | ~~George et al  v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:14-cv-00952 | Black v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01027 | Massey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01411 | Politi-Topal v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-02528 | Cuffee et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-02847~~ | ~~Izatt v. C. R. Bard, Inc.~~ |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 4 | 2:14-cv-02877 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04536 | Sanders v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04542 | Solis v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-05601 | Sheaffer v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-06478 | Wright et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-07543 | Cooley et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08261 | Shattuck v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08612 | Stamey et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-09878 | Ford v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-11940 | Stoddard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14119 | Wilson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14209 | Guerrero et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-15114 | Marney et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:14-cv-19736 | Fuller v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-23928 | Griffith v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-24747 | Pickard et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25362 | Stapel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25366 | Silvia v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-26473 | Eilf v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27463 | Edwards v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27466 | Stewart et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31139 | Salgado et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31156 | Springman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-00620 | Hammel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-02461 | Schoneman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04297 | Preator et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04353 | Brulatour v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-06997 | Polanco v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-08436 | Fake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-11694 | Kellar v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-13199 | Holbrooks et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01279 | Mendez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01610 | Spence et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01999 | Belstad v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03707 | Gritten v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03709 | Drake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03719 | Jones v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03721 | Keisling et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03778 | Ledwein et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03779 | Henderson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03816 | Toulson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03817 | Struble et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03842 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03896 | Pickering v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10807 | Brown v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10995 | Branscome v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11011 | Lackey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11014 | Miller v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 4 | 2:16-cv-11016 | Morgan v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11017 | Powell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11020 | Teeples v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11021 | Swiney v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11035 | Updike v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11040 | Woodard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11041 | Powers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11103 | Martin v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11104 | McWilliams v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11105 | Weber v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11106 | Rogers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11112 | Nadeau v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11113 | Hall v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11114 | Phelps v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11115 | Rodericks v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11116 | Bivens v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11118 | Gilbert v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11135 | Brewer v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:16-cv-11633~~ | ~~Madsen et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:16-cv-12677~~ | ~~Baugh v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13614~~ | ~~Leslie v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13620~~ | ~~Smallwood v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13663~~ | ~~Gonzalez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13900~~ | ~~Leas v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13901~~ | ~~Yancey et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13903~~ | ~~Pierce et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13904~~ | ~~Pate et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13905~~ | ~~Nus et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13926~~ | ~~Kinlaw-Williams et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14028~~ | ~~Crouch et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14030~~ | ~~Whitaker et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14672~~ | ~~Epstein v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14675~~ | ~~Williamson Johnson v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14745~~ | ~~McClinock, et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15055~~ | ~~Doyle et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15056~~ | ~~Gliem et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15067~~ | ~~Foster et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15352~~ | ~~Acuna v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15354~~ | ~~Duffitt et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15641~~ | ~~Murray et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15918~~ | ~~Eads et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-16068~~ | ~~Pierson et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:13-cv-16401 | Leyba v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:13-cv-18852~~ | ~~Silva et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-19713~~ | ~~Westhoff v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20235~~ | ~~Robertson v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20236~~ | ~~Showalter et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20396~~ | ~~Berlt v. C. R. Bard, Inc.~~ |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:13-cv-20766 | Gonzales et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21345 | Walton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21538 | Cespedes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21713 | Woods v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21732 | Dailey et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-23175 | Clisante King v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-23801 | McElfresh et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-24323 | Nguyen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25280 | McClenny et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25316 | Barlar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25321 | Goodreau v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-29271 | Preston et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30030 | Meador v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30032 | Spencer v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31643 | Cooper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31646 | Brewer et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31652 | Frew v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33156 | Riddle v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33991 | Tyson et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-34034 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-34036 | Wilder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-01412 | Cole et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03436 | Clanin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03439 | Kitchen v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-09564 | Williams et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-09569 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11138 | Darrow v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11363 | McCarthey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11891 | Beneke et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11906 | Heathcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11919 | Linder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12030 | Hitchcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12152 | Tieman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12262 | Pemberton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12283 | Dressler et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12426 | Bilbrey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12489 | Weilert et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12526 | Gagel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12532 | Grillo v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12673 | Turonek et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12759 | Harris et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13251 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13261 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13444 | Mullen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13574 | Novak v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13675 | Levine v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13682 | Mings et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13922 | Cortez et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-13934 | Esquivel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16367 | Brooks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16823 | Andersen et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17354 | Burton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17388 | Drake v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18018 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18139 | Bailey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18151 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18154 | Peacock v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18442 | D'Andrea et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-18890 | McManus v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-19474 | Gerwe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19478 | Mathis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19481 | Oglesby v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21507 | Gunderman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21512 | Hayes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21874 | McCray v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-22373 | Weber et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22823 | Carnley et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22836 | Coles et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22900 | Hinklin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22961 | Musgrove v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22966 | Rajk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22970 | Ross v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22971 | Ruiz-Bernal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23267 | Armijo et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23282 | Garcia v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23284 | Hersh v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23289 | Blodgett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23290 | Czernienko v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23292 | Norgah v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23298 | Zielicke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23301 | Stewart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23312 | Neal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23328 | Cox v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23329 | Banks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23333 | Dewitt v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23336 | Foushee v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23337 | Cowell et al. v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23339 | Ray v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23385 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23387 | Martin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23391 | Doane et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23392 | Rivera et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23395 | Peacock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23396 | Rogers et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23399 | Powell et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23401 | Barber v. C. R. Bard, Inc. et al |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-23413 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23414 | Jansson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23418 | Raia et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23425 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23434 | Stone v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23436 | Upchurch v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23437 | Petrovich v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23486 | Surgenor v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23497 | Brennan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23591 | Becks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23627 | Juette v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23638 | Hinojosa et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-24638 | Gonzalez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-25083 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26372 | Case v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26375 | Ely et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26383 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28940 | Seedorff et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28941 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28943 | Smith et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-28944 | Barnett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29690 | Dotson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29730 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29781 | Earhart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29786 | Lamoreaux v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29793 | LePage et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29808 | Casstevens et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29833 | Pearson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29856 | Hart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29930 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29980 | Rosemond v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29991 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30039 | Nolden et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30046 | Ouellette et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30055 | Rector v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30199 | Lytle et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30226 | Caskey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30239 | Mace et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30303 | Cullum et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30504 | Carter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30561 | Allison v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30591 | Spiker v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30717 | Moser v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30725 | Mooney v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30812 | Griffin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30833 | Walker et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-31203 | Laabs et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-01205 | Elliott et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| ~~2187 WAVE 5~~ | ~~2:15-cv-01370~~ | ~~Keener v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-01571~~ | ~~Bockmon v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-01847~~ | ~~Harville v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-03487~~ | ~~Arnold v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-04148~~ | ~~Eyer v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-04518~~ | ~~Heffran v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:15-cv-05716 | Krause v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:15-cv-07218~~ | ~~Pedersen et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-07220~~ | ~~Russell et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-09659~~ | ~~Key et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-12622~~ | ~~Juarez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-13246~~ | ~~Adams v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-14679~~ | ~~Keithley et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-14963~~ | ~~Tomac et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:15-cv-15582 | Carter v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:15-cv-16402~~ | ~~Smith et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:16-cv-01855 | Eiffler v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:16-cv-03989 | Watson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04032 | Elrod et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04037 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04536 | Thompson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04949 | Prince v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-05003 | Roberts et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06318 | Bess et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06360 | Crook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06361 | Jasso et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06362 | Bailey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06739 | Collins v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06740 | Krishnan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06741 | Roberts v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06743 | Knernschield et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07322 | Donley v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07402 | Cole v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07610 | Lingenfelter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07655 | Barton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07694 | Ellis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07705 | Alvey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-08014 | Mathis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10411 | DeTro v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10809 | Clarke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10811 | Corley-Davis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10814 | Currie v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10815 | Dennis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10819 | Herrera v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10821 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11136 | Crowe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11137 | Daily v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11139 | Davis v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:16-cv-11142 | Donovan v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11144 | Fay v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11147 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11150 | Hale-Cuellar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11158 | Hauber v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11161 | Hill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11163 | Kolodzyk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11167 | Mahnke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11169 | Miecznikowski v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11170 | Morrill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11175 | Reynolds v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11186 | Nichols v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11266 | Frederick v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11798 | Jeffries v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11803 | Josey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11811 | Piper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11817 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11819 | Stephenson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11820 | Stevens v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11821 | Tatum v. C. R. Bard, Inc. |