IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  C. R. BARD, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                 MDL No. 2187

THIS DOCUMENT RELATES TO C. R. BARD WAVE 4 & WAVE 5 CASES
ATTACHED HERETO

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Sharon Mount, M.D.)

Pending in *In re C. R. Bard, Inc.*, No. 2:10–md–2187, MDL 2187, is the

plaintiffs' *Daubert* Motion to Exclude the Opinions and Testimony of Sharon Mount,

M.D. [ECF No. 4546]. The Motion is now ripe for consideration because the briefing

is complete. As set forth below, the plaintiffs' Motion is **GRANTED in part**,

**DENIED in part**, and **DENIED as moot in part**.

I.      Background

These groups of cases reside in one of seven MDLs assigned to me by the

Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal

surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence

("SUI"). In the seven MDLs, there are more than 24,000 cases currently pending,

approximately 3,000 of which are in the C. R. Bard, Inc. ("Bard") MDL, MDL No.

2187.

In an effort to manage the massive Bard MDL efficiently and effectively, the

court decided to conduct pretrial discovery and motions practice on an individualized

1

basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded.

Upon the creation of a wave, I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 236, *In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10–md–02187, Jan. 27, 2017, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Included among the discovery rules imposed by the court is the obligation of the parties to file *Daubert* motions seeking to limit or exclude the testimony of general experts in the main MDL, MDL 2187, and to identify which cases the motion would affect.

Before plunging into the heart of the Motion, I am compelled to comment on the manner in which the parties filed several of their recent general *Daubert* motions. Rather than file a motion, the parties filed a "Notice" to adopt and incorporate the entirety of a motion filed in a previous wave – sometimes several years old. As such, the grounds upon which the parties challenge the proffered expert are sometimes inapplicable to the cases grouped in Wave 4 or Wave 5. With this in mind, the following analysis involves the parties' efforts to exclude or limit the general opinions and testimony of the experts so identified.

## II.    Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue" and (1) is "based upon sufficient facts or data" and (2) is "the product of reliable principles

and methods" which (3) has been reliably applied "to the facts of the case." Fed. R. Evid. 702. A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court is the gatekeeper. It is an important role: "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct" – "[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (alteration in original) (quoting *Daubert*, 509 U.S. at 596); *see also Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the

particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (citation omitted)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591-92 (citations and internal quotation marks omitted).

## III. Analysis

In this case, Bard offers Dr. Mount to testify as an expert witness on the general pathology of vaginal mesh implantation. *See* Notice of Adoption of Prior Daubert Mot. of Sharon Mount, M.D., for Waves 4 & 5, Ex. A (Mount Report), at 1-6 [ECF No. 4546-1]. Among other things, Dr. Mount is a board-certified pathologist and a professor of Pathology at the University of Vermont. *Id.* at 2. Dr. Mount has more than twenty-five years' experience as a pathologist, she subspecializes in gynecologic pathology, and she is the head of her hospital's Gynecologic Pathology Consultation Service. *Id* at 4. She is also active in both surgical pathology and cytology, routinely reviewing slides and generating reports in both areas of anatomic pathology. *Id.* The plaintiffs moved to preclude Dr. Mount from offering expert opinions on five matters: (1) the design and physical properties of pelvic mesh products, (2) the risk/benefit analysis or safety and efficacy of the Bard devices, (3) the Material Safety Data Sheet ("MSDS") for Marlex polypropylene, (4) oxidative degradation, and (5) any individual plaintiff.

### 1. Opinions Related to the Design and Desired Physical Properties of Pelvic Mesh Products

The plaintiffs argue that Dr. Mount's background in pathology does not qualify her under Federal Rule of Evidence 702 to render an opinion on the biocompatibility of polypropylene, or opine on the relationship between design characteristics and the physiological response in patients. *See* Notice of Adoption of Prior Daubert Mot. of Sharon Mount, M.D., for Waves 4 & 5, Ex. A (Mem.), at 3 [ECF No. 4546-1]. Because Dr. Mount is not a biomaterials expert and has no experience with mesh prior to her

involvement in this case, the plaintiffs claim that she is not qualified to put forth an expert opinion of such matters.

In *Tyree v. Boston Scientific Corp.* and *Sanchez v. Boston Scientific Corp.*, I assessed a similar argument. No. 2:12–cv–08633, 2014 WL 5486694, at *15 (S.D. W. Va. Oct. 29, 2014); No. 2:12–cv–05762, 2014 WL 4851989, at *20 (S.D. W. Va. Sept. 29, 2014). In each case, the moving party sought the exclusion of Dr. Trepeta, a pathologist, proffered to testify on the general pathology of vaginal mesh implantation. The parties raise comparable arguments here, and, in many respects, the qualifications of Dr. Mount and Dr. Trepeta[1] – for purposes of a *Daubert* analysis – are not materially different. Specifically, I stated:

> In making [its] argument, however, [the moving party] downplays Dr. Trepeta's knowledge, training, and experience as a clinical pathologist. In general, a clinical pathologist "will be knowledgeable in the areas of chemistry, hematology, microbiology, . . . serology, immunology, and other special laboratory studies." 33 Am. Jur. *Trials* § 17 (1986); *see also* Coll. of Am. Pathologists, *CAP Fact Sheet,* http://www.cap.org ("[Clinical pathologists] are involved in a broad range of disciplines, including surgical pathology, cytopathology, . . . clinical chemistry, microbiology, immunopathology, and hematology."). Dr. Trepeta's thirty years' experience as a clinical pathologist therefore demonstrates sufficient knowledge to provide expert testimony about the chemistry and surgical pathology of materials like transvaginal mesh. . . .
>
> Dr. Trepeta's extensive experience and knowledge in the field of pathology qualify him to submit these opinions [regarding the human clinical response to polypropylene

---

[1] Of note, in both *Tyree* and *Sanchez*, the non-moving party sought to proffer Dr. Trepeta as an expert on the general pathology of vaginal mesh implantation *and* on the specific pathology of a another multidistrict litigation plaintiff. Here, the court is only reviewing Dr. Mount's qualifications to testify as an expert on the general pathology of vaginal mesh implantation.

mesh]. Part of pathology involves reaching a diagnosis through "clinical and pathologic correlation." . . . Dr. Trepeta frequently engages in this process by providing clinical consultations to physicians, which require him to examine clinical information (through specimens, reports, or physician findings) and reach a pathologic diagnosis about a patient. . . . Dr. Trepeta applied this pathologic process in reaching his conclusions about the human clinical responses to polypropylene vaginal mesh. . . . He also compared medical literature to these observations and concluded that his pathological findings "are well described in the published literature."

No. 2:12–cv–08633, 2014 WL 5486694, at *15 (S.D. W. Va. Oct. 29, 2014) (citing No. 2:12–cv–05762, 2014 WL 4851989, at *20 (S.D. W. Va. Sept. 29, 2014)). While the parties in this case have not relied on precisely the same arguments, my reasoning and conclusions from *Tyree* and *Sanchez* still govern. Furthermore, to the extent that there are differences in fact and exhibits, the court does not find them sufficiently material. I **ADOPT** the reasoning articulated in *Tyree* and *Sanchez* and **FIND** that Dr. Mount is qualified to offer expert testimony on the biocompatibility of polypropylene, or opine on the relationship between design characteristics and the physiological response in patients.

The plaintiffs next challenge the reliability of Dr. Mount's opinions concerning the body's response to mesh, claiming that Dr. Mount failed to conduct adequate and independent research. An expert's opinion may be unreliable if he fails to account for contrary scientific literature and instead "selectively [chooses] his support from the scientific landscape." *In re Rezulin Products Liab. Litig.*, 369 F. Supp. 2d 398, 425 (S.D.N.Y. 2005) (internal quotation marks omitted). "[I]f the relevant scientific literature contains evidence tending to refute the expert's theory and the expert does

not acknowledge or account for that evidence, the expert's opinion is unreliable." *Id.*;
*see also Abarca v. Franklin Cnty. Water Dist.,* 761 F. Supp. 2d 1007, 1066 n.60 (E.D.
Cal. 2011) ("A scientist might well pick data from many different sources to serve as
circumstantial evidence for a particular hypothesis, but a reliable expert would not
ignore contrary data, misstate the findings of others, make sweeping statements
without support, and cite papers that do not provide the support asserted." (internal
quotation marks omitted)); *Rimbert v. Eli Lilly & Co.,* CIV 06–0874 JCH/LFG, 2009
WL 2208570, at *14 n.19 (D.N.M. July 21, 2009) ("[A]n expert who chooses to
completely ignore significant contrary epidemiological evidence in favor of focusing
solely on non-epidemiological studies that support her conclusion engages in a
methodology that courts find unreliable."), *aff'd,* 647 F.3d 1247 (10th Cir. 2011). In
particular, the plaintiffs challenge Dr. Mount's reliability based on deposition
testimony wherein she was unable to testify to the contents of certain articles
authored by Cobb, Klinge, Klosterhalphen, Ostergard, and Sternchuss. The plaintiffs
further stress that Bard's utilization of these same articles in the design of mesh
implants evidences their authority in the field.

Essentially, the plaintiffs rely on the inference that Dr. Mount's unfamiliarity
with these articles establishes a failure to employ "the same level of intellectual rigor
that characterizes the practice of an expert in the relevant field." *See Kumho Tire Co.
v. Carmichael,* 526 U.S. 137, 152 (1999). In doing so, however, the plaintiffs do not
challenge directly the reliability of the materials Dr. Mount cites in formulating her
opinions. Nor do the plaintiffs argue that such articles establish an overwhelming

body of evidence in the field contrary to Dr. Mount's opinion. Where the plaintiffs merely cite the existence of authority not reviewed by an expert, without more, this serves only to challenge the weight of Dr. Mount's opinions, not their reliability.

Thus, I **FIND** Dr. Mount's opinions on this point reliable.

2. The Risk/Benefit Analysis or Safety and Efficacy of the Bard Devices

The plaintiffs reiterate many of the same challenges regarding Dr. Mount's qualifications to opine on the safety and efficacy of the mesh devices developed by Bard expressed above. In addition, the plaintiffs claim that Dr. Mount is not qualified because she lacks relevant experience. The absence of clinical experience implanting or removing mesh from patients with complications due to the devices, however, does not call into doubt Dr. Mount's knowledge or experience assessing the foreign body reaction in histology slides, which is clearly relevant given the plaintiffs' reliance on histology slides in advancing their claims. *See, e.g., In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 622 (S.D. W. Va. 2013) (discussing Dr. Klosterhalfen's testimony on matters relating to his review of certain bellwether plaintiff's pathology slides). Therefore, I **FIND** Dr. Mount is qualified to offer testimony on this topic.

Next, the plaintiffs challenge the reliability of Dr. Mount's opinion that the Bard mesh devices are safe and effective generally, claiming that Dr. Mount's opinion lacks support in relevant scientific literature. However, "there is no requirement 'that a medical expert must always cite published studies on general causation in order to reliably conclude that a particular object caused a particular illness.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354 (5th Cir. 2007) ("Where an expert otherwise

reliably utilizes scientific methods to reach a conclusion, lack of textual support may 'go to the weight, not the admissibility' of the expert's testimony." (citing *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001))). Here, the plaintiffs do not challenge the underlying scientific methods Dr. Mount used to reach her conclusion, only inferring the absence of reliability based on her statement that she "did not see any controversies by other researcher" to Dr. Anderson's beliefs in her review of the literature. *See* Notice of Adoption of Prior Daubert Mot. of Sharon Mount, M.D., for Waves 4 & 5, Ex. A (Mem.), at 7 (citing Mount Dep. 85:17-21).

Thus, I **FIND** Dr. Mount's opinions on this point reliable.

### 3. The Material Safety Data Sheet ("MSDS") for Marlex Polypropylene

The plaintiffs seek to prevent Dr. Mount from testifying regarding the utility and interpretation of language contained in the MSDS related to the polypropylene resin in question. In particular, the plaintiffs argue that Dr. Mount is not qualified on the topic of MSDS based on her own deposition testimony.

> Q. Now, Doctor, did you do any other research to determine whether or not the MSDS had any application to medical devices like Bard's mesh?
>
> A. No. My understanding of the MSDS comes from my years of experience in working in a pathology lab and reviewing and knowing where they're kept as part of inspections and so forth. So my understanding is just that of a general physician and pathologies as to the MSDS.

Notice of Adoption of Prior Daubert Mot. of Sharon Mount, M.D., for Waves 4 & 5, Ex. A (Mem.), at 10 (citing Mount Dep. 193:6-16).

As I have previously held, whether a particular doctor relies on MSDSs in her practice or not is not helpful to a jury. The pertinent issue is that the MSDS contained a warning allegedly not heeded by Bard, not whether practicing physicians regularly consult the warnings. Therefore, the plaintiffs' Motion on this point is **GRANTED**.

    4. <u>Oxidative Degradation</u>

Next, the plaintiffs claim that the court should preclude Dr. Mount from offering any opinions related to oxidative degradation. According to her report, Dr. Mount disagrees with the plaintiffs' experts that have identified polypropylene mesh degradation. Notice of Adoption of Prior Daubert Mot. of Sharon Mount, M.D., for Waves 4 & 5, Ex. A (Mount Report), at 27-28. Dr. Mount states that she bases her opinion on her review of the literature and her personal observations of pathology materials.

Again, the plaintiffs do not articulate relevant grounds in support of their conclusory assertion that Dr. Mount's methodology is unreliable. "One knowledgeable about a particular subject need not be precisely informed about all details of the issues raised in order to offer an [expert] opinion." *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799 (4th Cir. 1989). For the same reasons articulated above, the challenges raised by the plaintiffs in seeking to exclude Dr. Mount's opinions on oxidative degradation are more appropriate on cross-examination.

    5. <u>Opinion Regarding Specific Plaintiffs</u>

As explained above, the parties adopted and incorporated a prior motion filed in a previous wave. To the extent the Motion currently before the court represents a

dispute between the parties pertaining to a particular plaintiff or group of plaintiffs not in Bard Wave 4 or Wave 5, the Motion before the court is inapplicable and **DENIED as moot**.

## IV.     Conclusion

To summarize, I **GRANT in part**, **DENY in part**, and **DENY as moot in part** the plaintiffs' Motion concerning Dr. Mount, M.D. [ECF No. 4546], consistent with my reasoning above.

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:12–md–2187, and the Bard Wave 4 and Wave 5 cases identified in the Exhibit attached hereto. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 29, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

# Exhibit A

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 - COVIDIEN WAVE 1 | 2:13-cv-29220 | Miller et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:11-cv-00904 | Ward et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00619 | Dickson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00812 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-01725 | Lambrecht v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02118 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02505 | Gomez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02564 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02725 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-04481 | Fine v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-05465 | Azbill et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06391 | Jacoby v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06470 | Wilson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06841 | Chrastecky et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07079 | Hubner et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07570 | Lee v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07578 | Degarmo v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09632 | Skinner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09670 | Summers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01025 | Perez et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01028 | Warbutton et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-01524 | Holmes v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01526 | Nall v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-02139 | Moubray et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-03291 | Sciulla et al v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-04813 | Gabler et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-06629 | Nicholson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08256 | Crase et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08365 | Magers et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08607 | Zephro v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08983 | Davison v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09324 | Johnson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09635 | Noll et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10318 | Priddy v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10496 | Santiago v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11499 | D'Angelo v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-11655 | Smith v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-11811 | LeBeau et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11949 | Slate et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12390 | Wheeler v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12416 | Speetzen v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12622 | Cox et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13234 | Bennett et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13245 | Graciano et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-15209 | Gardiner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-16405 | Newell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-17989 | Radatz v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-18752 | Spencer v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| ~~2187 WAVE 4~~ | ~~2:13-cv-19575~~ | ~~Swarts et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-19736 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20036 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20881 | Long v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-23388~~ | ~~Athans et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-23391~~ | ~~Baker v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-24208 | Carnahan v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24515~~ | ~~Chirino et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24844~~ | ~~Steffy v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24849~~ | ~~Martinez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-24853~~ | ~~Sanborn et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-25041~~ | ~~Clothier v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26000~~ | ~~Davidson et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26011~~ | ~~Dunklebarger v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26100~~ | ~~Moize v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-26574 | Landers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26748 | Raines et al  v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-26796~~ | ~~Justice et al v. C. R. Bard, Inc. et al~~ |
| 2187 WAVE 4 | 2:13-cv-28084 | Hoffman et al v. Ethicon, Inc. et al |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29220~~ | ~~Miller et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29823~~ | ~~Robbins et al  v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-29841~~ | ~~Carrillo et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-30640 | Smith et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30814~~ | ~~Hannig et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30975~~ | ~~Alexander et al v. C. R. Bard, Inc. et al~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-30998~~ | ~~Cassada v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31106~~ | ~~Price et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31141~~ | ~~Zurinsky v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-31242~~ | ~~Howard v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32049~~ | ~~Utter et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32187~~ | ~~Thomasson v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-32359 | Hummel v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-32972~~ | ~~Wilson et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33474~~ | ~~Armintrout v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33590~~ | ~~Garcia et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33628~~ | ~~Hunt et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-33690 | Barker et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:13-cv-33757~~ | ~~Mealor v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:13-cv-34058 | Purcell v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00161~~ | ~~Schreiber-Hester et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00404~~ | ~~Gilbert v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:14-cv-00606 | Moore et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-00807~~ | ~~George et al  v. C. R. Bard, Inc.~~ |
| 2187 WAVE 4 | 2:14-cv-00952 | Black v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01027 | Massey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01411 | Politi-Topal v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-02528 | Cuffee et al v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:14-cv-02847~~ | ~~Izatt v. C. R. Bard, Inc.~~ |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 4 | 2:14-cv-02877 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04536 | Sanders v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04542 | Solis v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-05601 | Sheaffer v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-06478 | Wright et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-07543 | Cooley et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08261 | Shattuck v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08612 | Stamey et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-09878 | Ford v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-11940 | Stoddard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14119 | Wilson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14209 | Guerrero et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-15114 | Marney et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:14-cv-19736 | Fuller v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-23928 | Griffith v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-24747 | Pickard et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25362 | Stapel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25366 | Silvia v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-26473 | Eilf v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27463 | Edwards v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27466 | Stewart et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31139 | Salgado et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31156 | Springman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-00620 | Hammel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-02461 | Schoneman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04297 | Preator et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04353 | Brulatour v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-06997 | Polanco v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-08436 | Fake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-11694 | Kellar v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-13199 | Holbrooks et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01279 | Mendez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01610 | Spence et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01999 | Belstad v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03707 | Gritten v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03709 | Drake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03719 | Jones v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03721 | Keisling et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03778 | Ledwein et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03779 | Henderson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03816 | Toulson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03817 | Struble et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03842 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03896 | Pickering v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10807 | Brown v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10995 | Branscome v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11011 | Lackey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11014 | Miller v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 4 | 2:16-cv-11016 | Morgan v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11017 | Powell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11020 | Teeples v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11021 | Swiney v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11035 | Updike v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11040 | Woodard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11041 | Powers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11103 | Martin v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11104 | McWilliams v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11105 | Weber v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11106 | Rogers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11112 | Nadeau v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11113 | Hall v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11114 | Phelps v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11115 | Rodericks v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11116 | Bivens v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11118 | Gilbert v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11135 | Brewer v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11633 | Madsen et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-12677 | Baugh v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13614 | Leslie v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13620 | Smallwood v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13663 | Gonzalez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13900 | Leas v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13901 | Yancey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13903 | Pierce et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13904 | Pate et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13905 | Nus et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-13926 | Kinlaw-Williams et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-14028 | Crouch et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-14030 | Whitaker et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-14672 | Epstein v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-14675 | Williamson Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-14745 | McClinock, et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15055 | Doyle et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15056 | Gliem et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15067 | Foster et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15352 | Acuna v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15354 | Duffitt et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15641 | Murray et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-15918 | Eads et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-16068 | Pierson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-16401 | Leyba v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-18852 | Silva et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-19713 | Westhoff v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-20235 | Robertson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-20236 | Showalter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-20396 | Berlt v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 5 | 2:13-cv-20766 | Gonzales et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21345 | Walton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21538 | Cespedes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21713 | Woods v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21732 | Dailey et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-23175 | Clisante King v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-23801 | McElfresh et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-24323 | Nguyen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25280 | McClenny et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25316 | Barlar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25321 | Goodreau v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-29271 | Preston et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30030 | Meador v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30032 | Spencer v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31643 | Cooper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31646 | Brewer et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31652 | Frew v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33156 | Riddle v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33991 | Tyson et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-34034 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-34036 | Wilder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-01412 | Cole et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03436 | Clanin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03439 | Kitchen v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-09564 | Williams et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-09569 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11138 | Darrow v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11363 | McCarthey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11891 | Beneke et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11906 | Heathcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11919 | Linder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12030 | Hitchcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12152 | Tieman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12262 | Pemberton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12283 | Dressler et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12426 | Bilbrey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12489 | Weilert et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12526 | Gagel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12532 | Grillo v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12673 | Turonek et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12759 | Harris et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13251 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13261 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13444 | Mullen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13574 | Novak v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13675 | Levine v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13682 | Mings et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13922 | Cortez et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-13934 | Esquivel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16367 | Brooks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16823 | Andersen et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17354 | Burton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17388 | Drake v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18018 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18139 | Bailey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18151 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18154 | Peacock v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18442 | D'Andrea et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-18890 | McManus v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-19474 | Gerwe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19478 | Mathis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19481 | Oglesby v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21507 | Gunderman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21512 | Hayes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21874 | McCray v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-22373 | Weber et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22823 | Carnley et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22836 | Coles et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22900 | Hinklin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22961 | Musgrove v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22966 | Rajk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22970 | Ross v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22971 | Ruiz-Bernal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23267 | Armijo et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23282 | Garcia v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23284 | Hersh v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23289 | Blodgett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23290 | Czernienko v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23292 | Norgah v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23298 | Zielicke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23301 | Stewart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23312 | Neal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23328 | Cox v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23329 | Banks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23333 | Dewitt v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23336 | Foushee v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23337 | Cowdrey et al. v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23339 | Ray v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23385 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23387 | Martin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23391 | Doane et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23392 | Rivera et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23395 | Peacock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23396 | Rogers et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23399 | Powell et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23401 | Barber v. C. R. Bard, Inc. et al |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-23413 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23414 | Jansson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23418 | Raia et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23425 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23434 | Stone v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23436 | Upchurch v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23437 | Petrovich v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23486 | Surgenor v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23497 | Brennan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23591 | Becks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23627 | Juette v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23638 | Hinojosa et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-24638 | Gonzalez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-25083 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26372 | Case v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26375 | Ely et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26383 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28940 | Seedorff et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28941 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28943 | Smith et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-28944 | Barnett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29690 | Dotson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29730 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29781 | Earhart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29786 | Lamoreaux v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29793 | LePage et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29808 | Casstevens et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29833 | Pearson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29856 | Hart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29930 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29980 | Rosemond v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29991 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30039 | Nolden et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30046 | Ouellette et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30055 | Rector v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30199 | Lytle et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30226 | Caskey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30239 | Mace et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30303 | Cullum et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30504 | Carter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30561 | Allison v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30591 | Spiker v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30717 | Moser v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30725 | Mooney v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30812 | Griffin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30833 | Walker et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-31203 | Laabs et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-01205 | Elliott et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|-----------------|-----------|
| 2187 WAVE 5 | 2:15-cv-01370 | Keener v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-01571 | Bockmon v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-01847 | Harville v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-03487 | Arnold v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-04148 | Eyer v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-04518 | Heffran v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-05716 | Krause v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-07218 | Pedersen et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-07220 | Russell et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-09659 | Key et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-12622 | Juarez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-13246 | Adams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-14679 | Keithley et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-14963 | Tomac et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-15582 | Carter v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-16402 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-01855 | Eiffler v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:16-cv-03989 | Watson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04032 | Elrod et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04037 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04536 | Thompson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04949 | Prince v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-05003 | Roberts et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06318 | Bess et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06360 | Crook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06361 | Jasso et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06362 | Bailey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06739 | Collins v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06740 | Krishnan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06741 | Roberts v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06743 | Knernschield et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07322 | Donley v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07402 | Cole v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07610 | Lingenfelter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07655 | Barton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07694 | Ellis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07705 | Alvey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-08014 | Mathis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10411 | DeTro v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10809 | Clarke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10811 | Corley-Davis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10814 | Currie v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10815 | Dennis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10819 | Herrera v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10821 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11136 | Crowe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11137 | Daily v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11139 | Davis v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:16-cv-11142 | Donovan v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11144 | Fay v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11147 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11150 | Hale-Cuellar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11158 | Hauber v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11161 | Hill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11163 | Kolodzyk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11167 | Mahnke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11169 | Miecznikowski v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11170 | Morrill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11175 | Reynolds v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11186 | Nichols v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11266 | Frederick v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11798 | Jeffries v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11803 | Josey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11811 | Piper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11817 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11819 | Stephenson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11820 | Stevens v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11821 | Tatum v. C. R. Bard, Inc. |