IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:  C. R. BARD, INC.,
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                    MDL No. 2187

THIS DOCUMENT RELATES TO C. R. BARD WAVE 4 & WAVE 5 CASES
ATTACHED HERETO

MEMORANDUM OPINION AND ORDER
(*Daubert* Motion re: Robert H. Young, M.D.)

Pending in *In re C. R. Bard, Inc.*, No. 2:10–md–2187, MDL 2187, is the

plaintiffs' *Daubert* Motion to Exclude Opinions and Testimony of Robert H. Young,

M.D. [ECF No. 4554]. The Motion is now ripe for consideration because the briefing

is complete. As set forth below, the plaintiffs' Motion is **GRANTED in part** and

**DENIED in part**.

I.      Background

        These groups of cases reside in one of seven MDLs assigned to me by the

Judicial Panel on Multidistrict Litigation ("MDL") concerning the use of transvaginal

surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence

("SUI"). In the seven MDLs, there are more than 24,000 cases currently pending,

approximately 3,000 of which are in the C. R. Bard, Inc. ("Bard") MDL, MDL No.

2187.

In an effort to manage the massive Bard MDL efficiently and effectively, the court decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I selected certain cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded.

Upon the creation of a wave, I enter a docket control order subjecting each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. *See, e.g.*, Pretrial Order ("PTO") # 236, *In re C. R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10–md–02187, Jan. 27, 2017, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Included among the discovery rules imposed by the court is the obligation of the parties to file *Daubert* motions seeking to limit or exclude the testimony of general experts in the main MDL, MDL 2187, and to identify which cases the motion would affect.

Before plunging into the heart of the Motion, I am compelled to comment on the manner in which the parties filed several of their recent general *Daubert* motions. Rather than file a motion, the parties filed a "Notice" to adopt and incorporate the entirety of a motion filed in a previous wave – sometimes several years old. As such, the grounds upon which the parties challenge the proffered expert are sometimes inapplicable to the cases grouped in Wave 4 or Wave 5. With this in mind, the following analysis involves the parties' efforts to exclude or limit the general opinions and testimony of the experts so identified.

## II.    Legal Standard

Under Federal Rule of Evidence 702, expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Furthermore, the expert testimony must be (1) "based upon sufficient facts or data" and (2) "the product of reliable principles and methods" that (3) have been applied reliably "to the facts of the case." *Id.* A two-part test governs the admissibility of expert testimony. The evidence is admitted if it "rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). The proponent of expert testimony does not have the burden to "prove" anything. However, he or she must "come forward with evidence from which the court can determine that the proffered testimony is properly admissible." *Md. Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

The district court is the gatekeeper. It is an important role: "[E]xpert witnesses have the potential to be both powerful and quite misleading"; the court must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001) (citing *Daubert*, 509 U.S. at 588, 595; *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999)). I "need not determine that the proffered expert testimony is irrefutable or certainly correct" – "[a]s with all other admissible evidence, expert testimony is subject to testing by '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *United States v. Moreland*, 437 F.3d 424, 431 (4th Cir. 2006) (alteration in original) (quoting *Daubert*, 509 U.S. at 596); *see also*

*Md. Cas. Co.*, 137 F.3d at 783 ("All *Daubert* demands is that the trial judge make a 'preliminary assessment' of whether the proffered testimony is both reliable . . . and helpful.").

*Daubert* mentions specific factors to guide the overall relevance and reliability determinations that apply to all expert evidence. They include (1) whether the particular scientific theory "can be (and has been) tested"; (2) whether the theory "has been subjected to peer review and publication"; (3) the "known or potential rate of error"; (4) the "existence and maintenance of standards controlling the technique's operation"; and (5) whether the technique has achieved "general acceptance" in the relevant scientific or expert community. *United States v. Crisp*, 324 F.3d 261, 266 (4th Cir. 2003) (quoting *Daubert*, 509 U.S. at 593-94).

Despite these factors, "[t]he inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry*, 178 F.3d at 261 (quoting *Daubert*, 509 U.S. at 594-95); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999) ("We agree with the Solicitor General that '[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony.'" (citation omitted)); *see also Crisp*, 324 F.3d at 266 (noting "that testing of reliability should be flexible and that *Daubert*'s five factors neither necessarily nor exclusively apply to every expert").

With respect to relevancy, *Daubert* also explains:

> Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful. The consideration has been aptly described by Judge Becker as one of "fit." "Fit" is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes. . . . Rule 702's "helpfulness" standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility.

*Daubert*, 509 U.S. at 591-92 (citations and internal quotation marks omitted).

## III. Analysis

In this case, Bard offers Dr. Young to testify as a general expert witness on gynecological surgical pathology issues related to the mesh products that are the subject of this pending litigation. *See* Notice of Adoption of Prior Daubert Mot. of Robert H. Young, M.D., for Waves 4 & 5, Ex. 1 ("Young Report"), at 4 [ECF No. 4554-1]. Among other things, Dr. Young specializes in the area of diagnostic surgical pathology, with a subspecialty interest in gynecological and urological pathology, and is an active professor of pathology at Harvard Medical School. *Id.* at 3. In addition to more than 350 peer-reviewed contributions, Dr. Young has co-authored five books. *Id.* His clinical experience includes prior service as the head of the gynecological and urological pathology units at Massachusetts General Hospital, and he continues to review approximately 6000 pathology cases a year. *Id.*

The plaintiffs argue that Dr. Young is not qualified to opine generally on four matters: (A) biocompatibility of polypropylene; (B) the adequacy of Bard's testing to determine biocompatibility; (C) pore size; and (D) vaginal mesh contraction and shrinkage. In addition, the plaintiffs challenge the reliability of each of these opinions

on the ground that they are unreliable *ipse dixit* opinions. I will address each argument in turn.

A. <u>Opinions Regarding the Biocompatibility of Polypropylene</u>

As stated in his report, Dr. Young reached the following conclusions:

> Polypropylene is biocompatible and commonly used for surgical mesh in the United States. Polypropylene mesh does not degrade and is chemically inert.

*See* Notice of Adoption of Prior Daubert Mot. of Robert H. Young, M.D., for Waves 4 & 5, Ex. 1 ("Pls.' Br. in Supp."), at 8 [ECF No. 4554-1] (quoting Young Report 7).

The plaintiffs argue that Dr. Young's background in pathology does not qualify him under Federal Rule of Evidence 702 to render an opinion on the biocompatibility of polypropylene, or opine on whether polypropylene mesh does not degrade and is chemically inert. *See id.* The plaintiffs also challenge the reliability of his opinions that consist entirely of *ipse dixit* statements.

As it relates to the reliability of Dr. Young's opinions on the biocompatibility of polypropylene, Bard contends that Dr. Young "reviewed pathological slides, compared his observations to published literature, and provided diagnostic interpretations of what he saw." Bard's Opp'n 10. Bard further claims that even a cursory review of Dr. Young's deposition testimony supports such a finding. *Id.* at 11. I disagree.

During his deposition testimony, counsel for the plaintiffs questioned Dr. Young on the independence of his research.[1] Initially, Dr. Young acknowledged that counsel for Bard provided *each* document cited as supporting scientific literature in

---

[1] Young Dep. 48:19-49:6.

his report.[2] When asked if he did any independent research to identify relevant literature, Dr. Young admitted that he had not.[3] Then, when questioned on his opinions concerning the biocompatibility of polypropylene, Dr. Young stated:

> I have concluded based on my being educated *as part of this process* on this whole area, *which I admit before I didn't have much knowledge of – well, much knowledge of, the mesh aspect of it, that is, that polypropylene is –* biocompatibility, meaning by that appropriate for usage in the human body, perhaps is the simplest way to put it.

Young Dep. 111:7-13 (emphasis added).

Next, discussing his opinions regarding whether polypropylene mesh degrades, Dr. Young stated:

> Q. On Page 7 of your report, Doctor, you write: "I have not seen evidence of polypropylene mesh degrading in the materials made available to me in this matter." . . . . What materials are you referring to in that statement?
>
> A. The pathology slides.
>
> Q. Anything else?
>
> A. No.
>
> . . .
>
> Q. On the next page, Page 8, Doctor, you write: "For example, polypropylene features have been used clinically for decades and I have reviewed pathology containing sutures." Would you agree with me that polypropylene sutures are not routinely used in the vagina?
>
> A. I think we touched upon this, this morning. I have no knowledge base of any note on the different type of sutures they use in the vagina, outside the vagina. I mean, *it's not an area that's of any relevance to my daily*

---

[2] Young Dep. 49:2-4.
[3] Young Dep. 49:5-7.

> *practice*. So therefore I don't – *I have no comment on it other than I'm not an expert on it.*

Young Dep. 122:11-19 (emphasis added).

Read together, and in the absence of any objective evidence beyond the conclusory defenses argued by Bard, Dr. Young's opinions regarding the biocompatibility of polypropylene are unreliable, as they appear formulated entirely in the context of this litigation. *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317-18 (9th Cir. 1995) ("If the proffered expert testimony is not based on independent research, the party proffering it must come forward with other objective, verifiable evidence that the testimony is based on 'scientifically valid principles.'"). In sum, after admitting that he does not base his expert testimony on independent research, Dr. Young later acknowledges that his conclusions on the biocompatibility of polypropylene required academic supplementation – which he relied solely on counsel for Bard to supply. Then, Dr. Young concedes that his entire experience with polypropylene mesh derives entirely from seven cases of pathology slides supplied to him during the course of this litigation. When pressed to extrapolate on his methodologies – specifically, his attempt to correlate his observations from the slides provided from the seven explanted mesh devices to his acknowledged pathology qualifications – Dr. Young admits that he cannot state with any scientific certainty how his discussion of polypropylene sutures relates to his conclusions on polypropylene mesh *in vivo*.

Based on incomplete and therefore unreliable information, Dr. Young's opinions with respect to the biocompatibility of polypropylene, the presence or

absence of degradation, and the inertness of polypropylene are **EXCLUDED**. The plaintiffs' Motion on this point is **GRANTED**.

B. Qualifications to Opine on the Adequacy of Bard's Testing to Determine Biocompatibility

The plaintiffs next challenge the qualifications of Dr. Young to offer the following opinion:

> In the United States, the FDA put out a guidance document for medical companies to follow related specifically to 510(k) submission for surgical meshes. The FDA guidance document recommended the following biocompatibility tests be performed on surgical meshes: cytotoxicity, sensitization, irritation/intracutaneous reactivity, systemic/acute toxicity, genotoxicity (if positive, carcinogenicity), implantation, hemolysis, pyrogenicity, subchronic toxicity, and chronic toxicity. My review of the Avaulta Solo, Avaulta Plus, and Align 510(k) documents along with my background, training, and experience revealed that Bard's testing conducted on the mesh products and their predecessors was adequate to determine biocompatibility.

Pls. Br. in Supp. 9 (quoting Young Report 8-9).

According to the plaintiffs, Dr. Young cannot opine on biocompatibility testing because he acknowledged that he has never consulted with the FDA on biocompatibility testing of a medical device and he does not have any academic experience on the biocompatibility of medical devices. *Id.*

Though not raised by the plaintiffs expressly, I have repeatedly excluded evidence regarding the FDA's section 510(k) clearance process in these MDLs, and will continue to do so in these cases, a position that has been affirmed by the Fourth Circuit. *See, e.g., In re C. R. Bard, Inc.*, 810 F.3d 913, 921-23 (4th Cir. 2016) (upholding the determination that the probative value of evidence related to section

510(k) was substantially outweighed by its possible prejudicial impact under Rule 403). Because the section 510(k) clearance process does not speak directly to safety and efficacy, it is of negligible probative value. *See id.* at 920 ("[T]he clear weight of persuasive and controlling authority favors a finding that the 510(k) procedure is of little or no evidentiary value."). Delving into complex and lengthy testimony about regulatory compliance could inflate the perceived importance of compliance and lead jurors "to erroneously conclude that regulatory compliance proved safety." *Id.* at 922. Accordingly, expert testimony related to the section 510(k) process, including subsequent enforcement actions and discussion of the information Bard did or did not submit in its section 510(k) application, is **EXCLUDED**.

For the same reasons, insofar as this Motion challenges the FDA-related testimony discussed here, the Motion is **GRANTED.** In addition to representing inappropriate legal conclusions, such testimony is not helpful to the jury in determining the facts at issue in these cases and runs the risk of misleading the jury and confusing the issues. Furthermore, qualifications to proffer expert testimony on the biocompatibility of polypropylene generally does not render an opinion on the adequacy of certain biocompatibility testing procedures equally qualified. Here, Dr. Young's opinions – aside from his comments on the FDA's guidance documents – are otherwise limited to his "background, training, and experience." Pls. Br. in Supp. 9 (quoting Young Report 8-9).

I **FIND** that without additional expertise, a pathologist is not qualified to opine on the adequacy of biocompatibility testing based merely on his "general experience

as an educated physician." Notice of Adoption of Prior Daubert Mot. of Robert H. Young, M.D., for Waves 4 & 5 Cases, Ex. 2, Ex. D, at 95:11-16 ("Young Dep.") [ECF No. 4554-2]. Accordingly, the plaintiffs' Motion on this point is **GRANTED**.

C. <u>Qualifications to Opine on the Pore Size of Bard's Mesh Products</u>

The plaintiffs also challenge Dr. Young's qualifications to proffer opinions about pore size and tissue integration. Specifically, the plaintiffs challenge Dr. Young's qualifications to offer the following opinions:

> The Avaulta Solo, Avaulta Plus, and Align have primary pore sizes of 1,000 to 1,300 microns. It is generally accepted that the lower limit of pore size for tissue integration is in the order of 50 to 100 microns. Thus, pore sizes ranging above 1000 microns, like the Bard products, are more than sufficient to permit tissue ingrowth with normal wound healing and foreign body reactions. Pore sizes greater than 75 microns allow penetration by macrophages, fibroblasts, blood vessels and collagen fibers. It is generally understood that if pore size is greater than 75 microns, which the Bard products are in all pores, the pore is large enough for adequate tissue integration and will function effectively;
>
> Measuring pore size in mesh products does not have an accepted or established methodology. The 1999 FDA Guidance document does not provide a methodology for how pore size measurements should be conducted. The methodology employed by Bard in measuring pore size was reasonable as it is in line with approaches used in the literature whereby the longest dimensions of the pore are measured; and
>
> The concept of effective pore size is one that was introduced by Muhl et al. in 2008 to describe the dimensions of the pore of a mesh under load. However, there is no direct evidence in the literature that an effective pore size of 1 mm is necessary for the efficacious performance of pelvic meshes or suburethral slings, or that it is a widely recognized or adopted approach to characterize meshes.

Pls. Br. in Supp. 9-10 (citing Young Report 9-12).

The plaintiffs assert that Dr. Young is not qualified to offer these opinions because he acknowledges that he is not an expert in pore size. *Id.* (citing Young Dep. 145:16-146:1). In *Wise v. C. R. Bard, Inc.*, I assessed a similar argument. No. 2:12–cv–01378, 2015 WL 570070, at *4-5 (S.D. W. Va. Feb. 11, 2015). In *Wise*, the moving party sought the exclusion Dr. Marshall Austin, a pathologist proffered to testify on the gynecologic surgical pathology and cytopathology. The parties raise the same arguments here. Specifically, I stated:

> Dr. Austin, however, does not purport to be an expert in pore size, nor is expertise in pore size necessary for him to provide the opinions set forth in his expert report. Rather, Dr. Austin limits his opinions to an explanation of how tissue responds to the pore size of mesh. (*See* Austin Report [Docket 203-1], at 6 ("[P]ore sizes ranging above 1,000 microns, like the Bard products, are more than sufficient to permit tissue ingrowth with normal wound healing and foreign body reactions."); *id.* at 10 ("[T]he pore size of the Bard products was adequate for sufficient tissue growth.")). As explained above, Dr. Austin's background and experience in the field of gynecological pathology provide the requisite expertise needed to testify about the reaction between mesh and tissue. He has observed vaginal tissue ingrowth through various mesh products, and he has reviewed numerous publications and studies on how pore size can affect the integration of polypropylene with the surrounding tissue. (*See* Austin Report [Docket 203-1], at 2–3 ("Throughout my pathology career, I have encountered implanted medical devices in routine specimens submitted for pathologic evaluation, including, for example, pelvic mesh, ...."); *id.* at 6 n.6 (listing the relied-upon literature)). Accordingly, I **FIND** that he is qualified to testify about the ways in which pore size can affect the biocompatibility of polypropylene.

*Id.*

Relying in part on *Wise*, Bard represents that Dr. Young is not offering an opinion on the optimum pore size or the design implications of pore size; rather, Bard

states that Dr. Young "simply opined that the pore size [of] Bard's mesh products was large enough to allow for sufficient tissue ingrowth." Notice of Adoption of Bard's Prior Opp'n to Pls.' Mot. to Exclude Ops. & Test. of Robert H. Young, M.D., and Br. in Supp. for Wave 4 & Wave 5 Cases, Ex. B ("Bard's Opp'n"), at 6 [ECF No. 4651-2]. While the parties in this case have not relied on precisely the same arguments, my reasoning and conclusions from *Wise* still govern. Furthermore, to the extent that there are differences in fact and exhibits, the court does not find them sufficiently material. Particularly in light of Bard's representation, acknowledging certain limitations on the scope of Dr. Young's opinions on pore size, I **ADOPT** the reasoning articulated in *Wise* and **FIND** that Dr. Young is qualified to offer expert testimony on the ways in which pore size can affect the biocompatibility of polypropylene. The plaintiffs' Motion is **DENIED** on this point.

   D. <u>Qualifications to Opine on the Purported Contraction or Shrinkage of Bard's Mesh Products</u>

Next, the plaintiffs assert that the court should preclude Dr. Young from offering opinions related to mesh shrinkage or contracture. Specifically, the plaintiffs challenge Dr. Young's opinion that:

> Wound contraction is a normal part of the wound healing process and occurs as part of the evolving granulation tissue phase of the healing response. Generally, wound contraction occurs in large surface wounds and is facilitated by the transient presence of myofibroblasts that have contractile properties. It is important to note that even when contraction occurs, the mesh device itself does not shrink

Pls. Br. in Supp. 11.

The plaintiffs point to extracted statements from his deposition in support of their argument, where Dr. Young testified that he is not an expert on the contraction properties of mesh. *Id.* at 14 (citing Young Dep. 145:20-146:12). In *Wise*, I considered the same argument and held that:

> This single statement from hundreds of pages of deposition does not overcome Dr. Austin's undeniable expertise as a pathologist. His training and experience in this field equips him to examine tissue and to opine about the tissue's pathology, including its reactions with other present substances, such as mesh. *See, e.g.*, 33 Am. Jur. *Trials* 467, § 17 (1986) ("Clinical pathology is the area of pathology that deals with testing of various body fluids and excreta in an attempt to correlate changes found in those fluids with the presence and development of disease processes."); *id.* § 27 ("Upon receipt of the specimen it is necessary to begin a series of steps that will eventually allow the [] pathologist to establish or confirm a diagnosis based on the specific pathology of the tissue.").

*Wise*, 2015 WL 570070, at *5. Again, to the extent there are differences in fact and exhibits, the court does not find them sufficiently material. I therefore **ADOPT** the reasoning articulated in *Wise* and **FIND** that Dr. Young is qualified to opine on the pathology of mesh explants, which includes an analysis of the foreign body response and how a wound heals around mesh. Any "self-contradiction" or inconsistencies in these opinions can be challenged during cross-examination. *See McReynolds v. Sodexho Marriott Servs., Inc.*, 349 F. Supp. 2d 30, 40 (D.D.C. 2004) (stating that the inconsistencies or misstatements in an expert's testimony "go to credibility, rather than *Daubert*'s standard of admissibility"). Accordingly, I **DENY** the plaintiffs' Motion on this matter.

E. <u>Reliability of Dr. Young's Opinions</u>

As stated above, the plaintiffs challenge the reliability of each of the aforementioned opinions proffered by Dr. Young on the ground that Bard provided all of the literature cited in his report and based on his limited clinical experience working with the mesh products subject in this litigation. Given the limitations conceded by Bard and the exclusion of other opinions as described above, it appears that the remaining narrow scope of testimony Dr. Young is permitted to offer flows naturally from scientific principles regularly encountered in his extensive line of scientific research and technical work. *See Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 434 (6th Cir. 2007). Therefore, except as stated above,[4] the plaintiffs' Motion seeking the exclusion of Dr. Young's remaining opinions as unreliable is **DENIED**.

## IV. Conclusion

To summarize, I **GRANT in part** and **DENY in part** the plaintiffs' Motion concerning Dr. Young, M.D. [ECF No. 4554], consistent with my reasoning above.

The court **DIRECTS** the Clerk to file a copy of this Memorandum Opinion and Order in 2:10–md–2187, and the Bard Wave 4 and Wave 5 cases identified in the Exhibit attached hereto. The court further **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 31, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[4] *See* discussion *supra* Section III.A.

# Exhibit A

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 - COVIDIEN WAVE 1 | 2:13-cv-29220 | Miller et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:11-cv-00904 | Ward et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00619 | Dickson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-00812 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-01725 | Lambrecht v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02118 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02505 | Gomez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02564 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-02725 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-04481 | Fine v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-05465 | Azbill et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06391 | Jacoby v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06470 | Wilson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-06841 | Chrastecky et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07079 | Hubner et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07570 | Lee v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-07578 | Degarmo v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09632 | Skinner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:12-cv-09670 | Summers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01025 | Perez et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01028 | Warbutton et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-01524 | Holmes v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-01526 | Nall v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-02139 | Moubray et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-03291 | Sciulla et al v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-04813 | Gabler et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-06629 | Nicholson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08256 | Crase et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08365 | Magers et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08607 | Zephro v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-08983 | Davison v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09324 | Johnson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-09635 | Noll et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10318 | Priddy v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-10496 | Santiago v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11499 | D'Angelo v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-11655 | Smith v. C. R. Bard,  Inc. |
| 2187 WAVE 4 | 2:13-cv-11811 | LeBeau et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-11949 | Slate et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12390 | Wheeler v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12416 | Speetzen v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-12622 | Cox et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13234 | Bennett et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-13245 | Graciano et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-15209 | Gardiner v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-16405 | Newell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-17989 | Radatz v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-18752 | Spencer v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 4 | 2:13-cv-19575 | Swarts et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-19736 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20036 | Richardson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-20881 | Long v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-23388 | Athans et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-23391 | Baker v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-24208 | Carnahan v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-24515 | Chirino et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-24844 | Steffy v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-24849 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-24853 | Sanborn et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-25041 | Clothier v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26000 | Davidson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26011 | Dunklebarger v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26100 | Moize v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26574 | Landers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26748 | Raines et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-26796 | Justice et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-28084 | Hoffman et al v. Ethicon, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-29220 | Miller et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-29823 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-29841 | Carrillo et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-30640 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-30814 | Hannig et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-30975 | Alexander et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:13-cv-30998 | Cassada v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-31106 | Price et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-31141 | Zurinsky v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-31242 | Howard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-32049 | Utter et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-32187 | Thomasson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-32359 | Hummel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-32972 | Wilson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-33474 | Armintrout v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-33590 | Garcia et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-33628 | Hunt et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-33690 | Barker et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-33757 | Mealor v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:13-cv-34058 | Purcell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-00161 | Schreiber-Hester et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-00404 | Gilbert v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-00606 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-00807 | George et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-00952 | Black v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01027 | Massey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-01411 | Politi-Topal v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-02528 | Cuffee et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-02847 | Izatt v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 4 | 2:14-cv-02877 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04536 | Sanders v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-04542 | Solis v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-05601 | Sheaffer v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-06478 | Wright et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-07543 | Cooley et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08261 | Shattuck v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-08612 | Stamey et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-09878 | Ford v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-11940 | Stoddard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14119 | Wilson et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-14209 | Guerrero et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-15114 | Marney et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 4 | 2:14-cv-19736 | Fuller v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-23928 | Griffith v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-24747 | Pickard et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25362 | Stapel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-25366 | Silvia v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-26473 | Eilf v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27463 | Edwards v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-27466 | Stewart et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31139 | Salgado et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:14-cv-31156 | Springman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-00620 | Hammel v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-02461 | Schoneman et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04297 | Preator et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-04353 | Brulatour v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-06997 | Polanco v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-08436 | Fake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-11694 | Kellar v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:15-cv-13199 | Holbrooks et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01279 | Mendez v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01610 | Spence et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-01999 | Belstad v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03707 | Gritten v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03709 | Drake et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03719 | Jones v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03721 | Keisling et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03778 | Ledwein et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03779 | Henderson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03816 | Toulson v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03817 | Struble et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03842 | Moore et al v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-03896 | Pickering v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10807 | Brown v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-10995 | Branscome v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11011 | Lackey v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11014 | Miller v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 4 | 2:16-cv-11016 | Morgan v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11017 | Powell v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11020 | Teeples v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11021 | Swiney v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11035 | Updike v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11040 | Woodard v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11041 | Powers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11103 | Martin v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11104 | McWilliams v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11105 | Weber v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11106 | Rogers v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11112 | Nadeau v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11113 | Hall v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11114 | Phelps v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11115 | Rodericks v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11116 | Bivens v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11118 | Gilbert v. C. R. Bard, Inc. |
| 2187 WAVE 4 | 2:16-cv-11135 | Brewer v. C. R. Bard, Inc. |
| ~~2187 WAVE 4~~ | ~~2:16-cv-11633~~ | ~~Madsen et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 4~~ | ~~2:16-cv-12677~~ | ~~Baugh v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13614~~ | ~~Leslie v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13620~~ | ~~Smallwood v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13663~~ | ~~Gonzalez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13900~~ | ~~Leas v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13901~~ | ~~Yancey et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13903~~ | ~~Pierce et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13904~~ | ~~Pate et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13905~~ | ~~Nus et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-13926~~ | ~~Kinlaw-Williams et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14028~~ | ~~Crouch et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14030~~ | ~~Whitaker et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14672~~ | ~~Epstein v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14675~~ | ~~Williamson Johnson v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-14745~~ | ~~McClinock, et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15055~~ | ~~Doyle et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15056~~ | ~~Gliem et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15067~~ | ~~Foster et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15352~~ | ~~Acuna v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15354~~ | ~~Duffitt et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15641~~ | ~~Murray et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-15918~~ | ~~Eads et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-16068~~ | ~~Pierson et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:13-cv-16401 | Leyba v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:13-cv-18852~~ | ~~Silva et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-19713~~ | ~~Westhoff v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20235~~ | ~~Robertson v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20236~~ | ~~Showalter et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:13-cv-20396~~ | ~~Berlt v. C. R. Bard, Inc.~~ |

| Wave | Civil Action No. | Case Name |
|------|------------------|-----------|
| 2187 WAVE 5 | 2:13-cv-20766 | Gonzales et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21345 | Walton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21538 | Cespedes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21713 | Woods v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-21732 | Dailey et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-23175 | Clisante King v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-23801 | McElfresh et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-24323 | Nguyen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25280 | McClenny et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25316 | Barlar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-25321 | Goodreau v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-29271 | Preston et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30030 | Meador v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-30032 | Spencer v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31643 | Cooper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31646 | Brewer et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-31652 | Frew v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33156 | Riddle v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-33991 | Tyson et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:13-cv-34034 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:13-cv-34036 | Wilder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-01412 | Cole et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03436 | Clanin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-03439 | Kitchen v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-09564 | Williams et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-09569 | Cook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11138 | Darrow v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11363 | McCarthey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11891 | Beneke et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11906 | Heathcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-11919 | Linder v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12030 | Hitchcock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12152 | Tieman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12262 | Pemberton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12283 | Dressler et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12426 | Bilbrey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12489 | Weilert et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12526 | Gagel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12532 | Grillo v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-12673 | Turonek et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-12759 | Harris et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13251 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13261 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13444 | Mullen v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13574 | Novak v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13675 | Levine v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13682 | Mings et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-13922 | Cortez et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-13934 | Esquivel v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16367 | Brooks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-16823 | Andersen et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17354 | Burton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-17388 | Drake v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18018 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18139 | Bailey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18151 | Miller v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18154 | Peacock v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-18442 | D'Andrea et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-18890 | McManus v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-19474 | Gerwe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19478 | Mathis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-19481 | Oglesby v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21507 | Gunderman v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21512 | Hayes v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-21874 | McCray v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-22373 | Weber et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22823 | Carnley et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22836 | Coles et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22900 | Hinklin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22961 | Musgrove v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22966 | Rajk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22970 | Ross v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-22971 | Ruiz-Bernal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23267 | Armijo et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23282 | Garcia v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23284 | Hersh v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23289 | Blodgett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23290 | Czernienko v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23292 | Norgah v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23298 | Zielicke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23301 | Stewart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23312 | Neal et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23328 | Cox v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23329 | Banks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23333 | Dewitt v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23336 | Foushee v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23337 | Cowell et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23339 | Ray v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23385 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23387 | Martin et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23391 | Doane et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23392 | Rivera et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23395 | Peacock et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23396 | Rogers et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23399 | Powell et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23401 | Barber v. C. R. Bard, Inc. et al |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:14-cv-23413 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23414 | Jansson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23418 | Raia et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23425 | Smith et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23434 | Stone v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23436 | Upchurch v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23437 | Petrovich v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23486 | Surgenor v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23497 | Brennan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23591 | Becks v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23627 | Juette v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-23638 | Hinojosa et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-24638 | Gonzalez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-25083 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26372 | Case v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26375 | Ely et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-26383 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28940 | Seedorff et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28941 | Williams v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-28943 | Smith et al v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:14-cv-28944 | Barnett v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29690 | Dotson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29730 | Nelson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29781 | Earhart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29786 | Lamoreaux v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29793 | LePage et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29808 | Casstevens et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29833 | Pearson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29856 | Hart v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29930 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29980 | Rosemond v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-29991 | Robbins et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30039 | Nolden et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30046 | Ouellette et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30055 | Rector v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30199 | Lytle et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30226 | Caskey et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30239 | Mace et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30303 | Cullum et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30504 | Carter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30561 | Allison v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30591 | Spiker v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30717 | Moser v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30725 | Mooney v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30812 | Griffin v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-30833 | Walker et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:14-cv-31203 | Laabs et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:15-cv-01205 | Elliott et al v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| ~~2187 WAVE 5~~ | ~~2:15-cv-01370~~ | ~~Keener v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-01571~~ | ~~Bockmon v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-01847~~ | ~~Harville v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-03487~~ | ~~Arnold v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-04148~~ | ~~Eyer v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-04518~~ | ~~Heffran v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:15-cv-05716 | Krause v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:15-cv-07218~~ | ~~Pedersen et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-07220~~ | ~~Russell et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-09659~~ | ~~Key et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-12622~~ | ~~Juarez v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-13246~~ | ~~Adams v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-14679~~ | ~~Keithley et al v. C. R. Bard, Inc.~~ |
| ~~2187 WAVE 5~~ | ~~2:15-cv-14963~~ | ~~Tomac et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:15-cv-15582 | Carter v. C. R. Bard, Inc. |
| ~~2187 WAVE 5~~ | ~~2:15-cv-16402~~ | ~~Smith et al v. C. R. Bard, Inc.~~ |
| 2187 WAVE 5 | 2:16-cv-01855 | Eiffler v. C. R. Bard, Inc. et al |
| 2187 WAVE 5 | 2:16-cv-03989 | Watson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04032 | Elrod et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04037 | Young et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04536 | Thompson et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-04949 | Prince v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-05003 | Roberts et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06318 | Bess et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06360 | Crook v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06361 | Jasso et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06362 | Bailey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06739 | Collins v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06740 | Krishnan et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06741 | Roberts v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-06743 | Knernschield et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07322 | Donley v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07402 | Cole v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07610 | Lingenfelter et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07655 | Barton v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07694 | Ellis et al v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-07705 | Alvey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-08014 | Mathis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10411 | DeTro v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10809 | Clarke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10811 | Corley-Davis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10814 | Currie v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10815 | Dennis v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10819 | Herrera v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-10821 | Martinez v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11136 | Crowe v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11137 | Daily v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11139 | Davis v. C. R. Bard, Inc. |

| Wave | Civil Action No. | Case Name |
|---|---|---|
| 2187 WAVE 5 | 2:16-cv-11142 | Donovan v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11144 | Fay v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11147 | Johnson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11150 | Hale-Cuellar v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11158 | Hauber v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11161 | Hill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11163 | Kolodzyk v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11167 | Mahnke v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11169 | Miecznikowski v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11170 | Morrill v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11175 | Reynolds v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11186 | Nichols v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11266 | Frederick v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11798 | Jeffries v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11803 | Josey v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11811 | Piper v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11817 | Smith v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11819 | Stephenson v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11820 | Stevens v. C. R. Bard, Inc. |
| 2187 WAVE 5 | 2:16-cv-11821 | Tatum v. C. R. Bard, Inc. |